*Ex parte* DOROTHY McALESTER.

No. A-2791.   Opinion Filed January 9, 1917.

(161 Pac. 1176.)

1. **HABEAS CORPUS—Questions Presented—Jurisdiction of Court.** The jurisdiction of a court or judge to render a particular judgment or sentence by which a person is imprisoned is always a proper subject of inquiry on **habeas corpus.**

2. **JURY—Jury Trial—Right to.** The constitutional guaranties intended to secure to the citizen the right of a trial by jury cannot be evaded by the nature of the powers vested in the municipality under its charter, or the nature of the jurisdiction conferred upon the municipal court.

In the matter of the application of Dorothy McAlester for a writ of *habeas corpus.* Writ issued, and petitioner discharged.

*F. S. Winn,* for petitioner.

*B. D. Shear,* Municipal Counselor, and *Frank Watson,* for respondent.

DOYLE, P. J.   This is an application for writ of *habeas corpus* by Dorothy McAlester, who alleges that she is illegally restrained of her liberty by W. B. Nichols, chief of police of Oklahoma City.

It is alleged in the petition that on the 1st day of July, 1916, petitioner was convicted on a charge of vagrancy in the municipal court of Oklahoma City, and was sentenced to pay a fine of $25 and costs, and to be confined in the city jail for 30 days; that thereafter the city officers of said city accepted the sum of $11 and costs

in full payment of said fine and costs, and ordered that said jail sentence would be suspended during the absence of the petitioner from Oklahoma City; that petitioner in obedience to said arrangement and order went to her home near Jones City in Oklahoma county and remained there until Saturday, July 15th, when she returned to Oklahoma City in pursuance of a notice from her attorney, F. S. Winn, to be present at the district court of Oklahoma county on said day for the purpose of trying a divorce case; that said case was not called on said day, and her attorney requested petitioner to remain over in said city until Monday July 17th, to attend the trial of said divorce case; that on Sunday afternoon, petitioner was arrested and placed in the city jail, and on Monday morning, July 17th, she was brought into the municipal court of said city, and again tried upon the charge of vagrancy, and was convicted and sentenced to pay a fine of $99 and costs and to serve a jail sentence of 30 days; "that at the time the case was called for trial your petitioner acquainted the court with the facts requiring her presence in the city, and requested said court that she have opportunity to procure her counsel, F. S. Winn, and have said cause continued, in order that she might be able to prove said facts; that said court refused to continue said cause, or to get any information to said attorney, and convicted your petitioner without any proof whatever, as to the offense of vagrancy or any other offense." On the filing of the petition the writ issued returnable on the 20th day of July, 1916, at which time the officer to whom it was directed produced the petitioner in court, and at the same time filed his answer.

There is no necessity for us to pass upon any other than one of the various questions raised in this case; that

question is whether or not the judgment and sentence by virtue of which she is imprisoned is void. The jurisdiction of a court or judge to render a particular judgment or sentence by which a person is imprisoned is always a proper subject of inquiry on *habeas corpus*... *In re Wilkins*, 7 Okla. Cr. 422, 115 Pac. 1118.

The question here presented has been passed upon in the case of *Ex parte Johnson, ante,* p. 30, 161 Pac. 1097. Under the holding of the court in that case the municipal court was without power or authority to try and convict the petitioner without a jury trial, and said court exceeded its jurisdiction in rendering the judgment nad sentence.

It follows that petitioner must therefore be discharged from custody.

ARMSTRONG AND BRETT, JJ., concur.