## Ex parte RAYMOND HIGHTOWER.

No. A-2879.   Opinion Filed June 6, 1917.

(165 Pac. 624.)

1.  **HABEAS CORPUS—Grounds—Jurisdiction of Court or Judge.** The jurisdiction of a court or judge to render a particular judgment or sentence by which a person is imprisoned is a proper subject of inquiry on habeas corpus.

2.  **COURTS—Juvenile Courts—Statutory Provisions.** Act of March 24, 1909, to establish juvenile courts and to regulate the jurisdiction and control of delinquent children, provides (section 4413, Rev. Laws 1910) that county courts shall have jurisdiction of all cases coming within the provisions of the act, and that a special record book shall be kept by the court for all cases coming within the provisions of the act to be known as the "juvenile record," also a "juvenile docket," and for convenience the court in the control and disposition of such cases shall be called the "juvenile court."

3.  **INFANTS—Liability for Crime—Juvenile Court Act—Jurisdiction of District Court.** Under the provisions of this act a child

under 16 years of age cannot be guilty of the commission of a crime except in cases wherein .it is shown and determined by the juvenile court of the county wherein the crime is alleged to have been committed, that such child knew the wrongfulness of his acts at the time they were committed, and such a determination is a necessary prerequisite to the jurisdiction of the district court to try a child under the age of 16 years upon an information charging a felony.

4. **SAME**—This act contemplates an investigation by the juvenile court of complaints against children under 16 years of age with the view of determining whether or not the child committed the acts charged, and, if so, whether or not he knew the wrongfulness thereof in a criminal sense. And if, upon such investigation, the juvenile court finds affirmatively, it is then within its discretion to hold said child to be proceeded with in the manner provided by law in the court having competent jurisdiction of the offense, certifying to such court both finding as to probable cause, and that the child knew the wrongfulness of the acts complained of.

5. **SAME—Finding of Juvenile Court—Effect.** The finding of the juvenile court that the child knew the wrongfulness of his acts, and was capable of committing the offense, and did commit it, does not relieve the state of the burden of proving upon the trial that the child knew the wrongfulness thereof, as provided in Penal Code, subdivision 2, sec. 2094, Rev. Laws 1910. The only effect the act in question has on said subdivision is to change the word "fourteen" to "sixteen," subsequent to' the action of the juvenile court.

*Habeas corpus* by Sarah Hightower, mother of Raymond Hightower, a minor, against the Warden of the State Prison. Writ allowed.

On November 28, 1916, there was filed in this court a duly verified petition for writ of *habeas corpus*, which, omitting title and verification, reads as follows:

"Your petitioner, Sarah Hightower, mother of Raymond Hightower, a minor, represents and states to this honorable court that he is restrained of his liberty and is unlawfully imprisoned and restrained at Granite, by the warden of the state prison at said place. The cause of said restraint according to the best knowledge and belief of your petitioner is: That at the time of the arrest, trial,

and conviction of said Raymond Hightower, on the charge of the murder of one Proctor Green on the 23d day of September, 1912, he was arraigned before the Hon. Frank M. Bailey, and entered a plea of not guilty, as is shown by the record of the district court of Grady county, a copy of which is here attached and is marked Exhibit A as a part of this petition. That on the —— day of ————, your petitioner, Raymond Hightower, without the advice of a legal counsel, entered a plea of guilty, and that on said plea was sentenced to serve in the county jail of Grady county, Okla., until he arrived at the age of 16 years, and that he thereafter be. confined in the state prison at Granite until he reaches the age of 21 years. That for some reason unknown to petitioner, said petitioner, Raymond Hightower, was not kept in said county jail, as is shown by the record of the district court, a copy of which is here attached, marked Exhibit B, and is made a part of this petition. That during the month of January said petitioner was brought before the district court without advice of legal counsel and entered a plea of guilty to manslaughter, and on said plea was sentenced to serve seven years at hard labor in the state penitentiary, as is shown by the record of the district court, a copy of which is here attached, marked Exhibit C, and is made a part of. this petition. But your petitioner alleges that said restraint is illegal and unauthorized, because at the time of said sentence said petitioner was under the age of 14 years, as is shown by affidavits Nos. 1, 2, 3, 4, marked Exhibit D a part of this petition. Your petitioner further alleges that said restraint is illegal for the reason that the district court had no jurisdiction at the time said sentence was imposed on the said Raymond Hightower. That if any court had jurisdiction it would have been the juvenile court of Grady county as shown in section 4412 of the Statutes of 1910 of the State of Oklahoma.

"Wherefore your petitioner prays your honorable court to grant a writ of *habeas corpus,* and that he be

discharged without delay from such unlawful imprisonment.

"SARAH HIGHTOWER, *Petitioner.*"

Omitting certificates and seal of the court clerk that the same are true copies, Exhibits A, B, and C read as. follows:

"EXHIBIT A.

"Page 263, Journal F.

"2982.  Filed Sept. 23, 1912.  J. R. CALLAHAM, *Clerk of District Court, Grady County, Okla.*

"State of Oklahoma v. Raymond Hightower.

"Now at this time comes into open court the above-named defendant Raymond Hightower, in custody of the sheriff.  And plaintiff, State of Oklahoma, being present by its attorney, John H. Venable, and defendant being present in person, and being duly arraigned and information read in open court, said defendant is given 24 hours in which to plead.  Said defendant is thereupon remanded to the custody of the sheriff to await the further action of the court."

"EXHIBIT B.

"Page 271, Journal 5.

"District Court, 15th Judicial District, Grady County, Okla.

"Now at this time comes into open court the above-named defendant Raymond Hightower, in custody of the sheriff.  And plaintiff State of Oklahoma, being present by its attorney, Oscar Simpson, and defendant being present in person and having been arraigned herein on a former day and having at this time entered his plea of not guilty herein, said defendant now withdraws his plea not guilty and enters a plea of guilty herein.  Whereupon it is by the court ordered that he be confined in the county jail of Grady county, Oklahoma, until he arrives at the age of 16, and that he thereafter be confined in the state prison at Granite until he reaches the age of 21

years.   Whereupon said defendant is notified of his right
of appeal herein and is remanded to the custody of the
sheriff."

"EXHIBIT C.

"The prisoner, the above-named Raymond Hightower,
defendant, being personally present in open court, and
having been legally presented by information for the
crime of murder and arraigned, and said defendant having
entered herein his plea of guilty to manslaughter, and
be'ng asked by the court if he had any legal cause why
judgment and sentence should not be pronounced against
him, and he giving no good reason in bar thereof:

"It is therefore considered, ordered, adjudged and
decreed by the court that the said Raymond Hightower
be confined in the state penitentiary at McAlester, in the
State of Oklahoma, for the term of seven years at hard
labor, for said crime by him committed, said term of
sentence to begin at and from the day of delivery to the
warden, and that said defendant pay the costs of this
prosecution taxed at $————, for which execution is
awarded.

"It is further ordered, adjudged and decreed by the
court that the sheriff of Grady county, State of Oklahoma,
transport said Raymond Hightower to the said peniten-
tiary at McAlester in the State of Oklahoma, and that
the warden of said building do confine and imprison the
said Raymond Hightower in accordance with this judg-
ment, and that the clerk of this court do immediately
certify under the seal of the court and deliver to the
sheriff aforesaid two copies of this judgment, one of said
copies to accompany the body of said defendant to the
said penitentiary and to be left therewith at said peni-
tentiary, said copy to be warrant and authority for the
imprisonment of said defendant in said penitentiary, and
the other copy to be the warrant and authority of said
sheriff for the transportation and imprisonment of. the
said defendant as hereinbefore provided.   Said last-named
copy to be returned to the clerk of said court with the

proceedings of said sheriff thereunder indorsed thereon. And thereupon the court notified the defendant of his right of appeal.

"Done in open court on this 11th day of January, 1913.

"[Signed]    FRANK M. BAILEY, *Judge.*"

Indorsed:

"No. 1465.    In District Court.    Judgment and sentence on plea of guilty.    The State of Oklahoma v. Raymond Hightower, Defendant.    Filed March 1, 1913.

"S. L. NEWMAN, *District Clerk.*" ....

Omitting *situs* and *jurat* of each, the affidavits attached are as follows:

"Sarah Hightower, of lawful age, being first duly sworn, deposes and says as follows: I am the mother of Raymond Hightower, who was born December 28, 1899, as shown on the family record of births; and that on the 23d day of September, 1912, the date of the charge against him for the murder of Proctor Green, the said Raymond Hightower's age was 12 years, 8 months and 25 days. That on the 11th day of January, 1913, he, the said Raymond Hightower, was sentenced for manslaughter to the state penitentiary at McAlester for the term of seven years at hard labor at the age of 13 years and 13 days."

"Millie Hightower, of lawful age, being first duly sworn, deposes and says as follows: I am the grandmother of Raymond Hightower, who was born on the 28th day of December, 1899, as shown on the family record of births; and that on the 23d day of September, 1912, the date of the charge against him for the murder of Proctor Green, the said Raymond Hightower's age was 12 years, 8 months, and 25 days. That on the 11th day of January, 1913, Raymond Hightower was sentenced for manslaughter to the state penitentiary at McAlester for the term of seven years at hard labor at the age of 13 years and 13 days."

"Mrs. Laura Roberson, a white woman, of lawful age, being first duly sworn, deposes and says as follows: I was, on or about the 23d day of September, 1912, in charge of our grocery on the corner of First and Idaho at Chickasha, Okla., and witnessed a fight between Proctor Green and Raymond Hightower, when seemingly Raymond was whipped and ran to my store, the Green boy chasing him with an iron something like a car pin. I pushed Raymond in and kept Proctor out. Proctor said to Raymond, 'I'll get you out after while, and when I get you out I'll kill you.' But Raymond stayed in, and after a while Proctor went away, making threats. Raymond scouted out of the back door, and I did not see either of them until after the shooting. I was subpœnaed in the case, and would have made this statement in the court, but the case was dismissed without trial."

A writ of *habeas corpus* issued, directed to the respondent, Hon. Boone Williams, warden of the state reformatory at Granite, who on December 7th, the day it was returnable, through Sam Everett, assistant warden, produced petitioner in court, and at the same time filed his return thereto. The return shows that the petitioner is held by said warden on a commitment issued upon the judgment set forth in the petition. The material facts averred in the petition are undisputed therein. After hearing the evidence the decision of the court was announced by the Presiding Judge, wherein the writ was allowed and respondent was directed to deliver the petitioner into the custody of the sheriff of Grady county, who was directed to hold him in custody until discharged, or his custody changed by due course of law.

*Robert L. Fortune,* for petitioner.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for respondent.

DOYLE, P. J. (after stating the facts as above). Counsel for petitioner contends that upon the record showing that no preliminary complaint against him was ever filed in the county court of Grady county, and that no investigation was ever had before said court or the judge thereof sitting as a juvenile court concerning the charge of murder before the filing of the information in the district court of said county charging the petitioner with said crime, said district court was without power or jurisdiction to arraign him upon said information or require him to plead thereto, and was without jurisdiction to render the judgment and sentence in execution of which, under the commitment issued thereon, the petitioner has since been and is now held in custody by the warden of the state reformatory. The act of March 24, 1909, creating juvenile courts, in part provides as follows:

"The words 'delinquent child' shall include any child under the age of sixteen years who violates any law of the United States, or of this state, or any city or town ordinance." (Section 4412, Rev. Laws 1910.)

"The county courts of the several counties of this state shall have jurisdiction in all cases coming within the terms and provisions of this article." (Section 4413, Rev. Laws 1910.)

"In all counties a special record book shall be kept by the court for all cases coming within the provisions of this article, to be known as the 'juvenile record' and the docket or calendar of the court upon which shall appear the case or cases under the provisions of this article, shall be known as the 'juvenile docket' and for convenience, the court in the trial and disposition of such cases, shall be called the 'juvenile court.'" (Section 4414, Rev. Laws 1910.)

"Every child who shall have been adjudged delinquent, whether allowed to remain at home, or placed in a home, or committed to an institution, shall continue to be a ward of the court until such child shall have been discharged as such ward by order of court, or shall have reached the age of twenty-one years, and such court may, during the period of wardship, cause such child to be returned to the court for further or other proceedings, including parole, or release from an institution: Provided, however, that notice of all applications to the court for such parole or release shall be given to the superintendent of such institution at least ten days before the time set for the hearing thereof, or the consent, in writing, of such superintendent to such parole or release shall be filed. The court may, however, in its discretion cause such child to be proceeded against in accordance with the laws that may be in force governing the commission of crime." (Section 4424, Rev. Laws 1910.)

In the case of *In re Powell,* 6 Okla. Cr. 495, 120 Pac. 1022, this act is construed. Upon the question here presented it was said by this court, speaking through Armstrong, J.:

"The Legislature in its wisdom by this law says that a child under sixteen years of age cannot be guilty of the commission of a crime, except in cases where it is shown that such child knew the wrongfulness of his acts at the time they were committed. The acts committed by such child, which in an adult would be a crime, under this statute, constitute juvenile delinquency only, except in cases of a serious character, when the juvenile court is authorized by the act, *supra,* in its discretion, to cause such child to be proceeded against in accordance with the law that may be in force governing the commission of crime. Prior to the enactment of the law in question, the statutes provided: 'All persons are capable of committing crimes, except those belonging to the following classes: First, Children under the age of seven years. Second. Children over the age of seven years, but under

the age of fourteen years, in the absence of proof that at the time of committing the act or neglect charged against them, they knew its wrongfulness.' (Section 2034, Snyder's Stat.) The juvenile court law under consideration, in effect, provides that children under the age of sixteen are incapable of committing crime. But, in order that no great wrong should be done to society, the Legislature took the precaution to provide that a child brought before the juvenile court on a charge of delinquency, such court might, in its discretion, cause such child to be proceeded against in accordance with the law governing the commission of crime. (See last clause in section 4414, *supra*.) This provision contemplates an investigation by the juvenile court of the acts complained of with the view of determining whether or not the child committed them, and, if so, whether or not he knew the wrongfulness thereof in a criminal sense. And should the court find affirmatively, it is then within its discretion, under the law, to hold such child to be proceeded with in the manner provided by law in a court having competent jurisdiction of the offense committed, certifying to such court both its finding as to probable cause, and that the child knew the wrongfulness thereof. The finding of the juvenile court, or the county judge sitting as such, that the child knew the wrongfulness of his act, and was capable of committing the offense, and did commit it, does not relieve the state of the burden of proving that the child knew the wrongfulness of his act at the time of the commission thereof, upon the trial before a jury in a court of competent jurisdiction, as provided in subdivision 2 of section 2034, Snyder's Statutes. The effect the juvenile court law under consideration has on said subdivision is simply to change the word 'fourteen' to 'sixteen,' subsequent to the foregoing proceedings."

This is not a new provision. By the ancient Saxon law the age of 12 years was established for the age of possible discretion, when first the understanding might

13 O C R—16

open; and from thence until the offender was 14, it was *aetas pubertati proxima,* in which the child might or might not be guilty of a crime, according to his natural capacity or incapacity. By the common law as it has stood at least ever since the time of Edward III, the capacity for committing a crime within certain limits of age is not so much measured by years and days, as by the strength of the delinquent's understanding and judgment. Bl. Comm. 23. In all such cases the evidence of that malice which is to supply age ought to be strong and clear beyond all doubt and contradiction. 4 Bl. Comm. 24. Under the provisions of this act, a child under 16 years of age cannot be guilty of the commission of a crime, except in cases where it is shown and determined by the juvenile court of the county wherein the crime is alleged to have been committed that such child knew the wrongfulness of its acts at the time they were committed, and such a determination is a necessary prerequisite to the jurisdiction of a district court to try a child under the age of 16 years upon an information charging a felony, and in addition thereto the child so charged must have been by the judge of said court, sitting as an examining and committing magistrate, held to answer before the district court. The return in this case shows that no such proceedings were had before the juvenile court of Grady county, and that no evidence was taken before said court or the judge thereof as to the petitioner's capacity to commit the crime charged in the information which was filed in the district court of Grady county charging the petitioner with the crime of murder. It follows that the district court of Grady county was without jurisdiction of said information, and was without jurisdiction to render the judgment and sentence under which the petitioner

is now held in custody. It further appears from the record that the petitioner was convicted of the crime of manslaughter under said information upon his plea of guilty; that he did not have the benefit of counsel, and no evidence was taken as to the petitioner's capacity to commit the crime charged in the information, or the degree of said crime to which he entered his plea of guilty. The child's plea of guilty might be evidence that the petitioner committed the act charged, but was no proof of the capacity of the petitioner to understand the wrongfulness of the act charged at the time it was committed. The presumption of incapacity can only be rebutted by affirmative proof that the child had capacity to understand the wrongfulness of the act charged against him.

By numerous decisions of this court it is held that the jurisdiction of a court or judge to render a particular judgment or sentence by which a person is imprisoned is a proper subject of inquiry on *habeas corpus,* and where it is shown by the return that the petitioner is detained by virtue of a committment issued upon a judgment of a court of competent jurisdiction, such showing is *prima facie* only of the fact, and may be impeached by the record of the case, for the purpose of showing that the court or judge was without jurisdiction or power to render the judgment or issue the commitment, and where the record shows want of jurisdiction to render the judgment or issue the commitment, the petitioner under such showing is entitled to his discharge.

For the reasons stated, we are of the opinion that the judgment and sentence of the district court of Grady county in this case is illegal and void, and that the execution of said judgment deprives the petitioner of his

liberty without due process of law. It is therefore ordered that the petitioner be discharged from imprisonment under said judgment and commitment, and that he be remanded to the custody of the sheriff of Grady county to abide the further action of the juvenile court of said county.

ARMSTRONG and BRETT, JJ., concur.