## STATE v. LEWIS ALEXANDER.

No. A-3593—Opinion Filed April 16, 1921.

(196 Pac. 969.)

(Syllabus.)

1.    **INFANTS—County Court's Jurisdiction of Juveniles.** The act of March 24, 1909 (Laws 1909, c. 14, art. 8), creating the juvenile court and prescribing the jurisdiction thereof, places the jurisdiction to inquire into the matter of the probable guilt and capacity of a juvenile offender under the sole jurisdiction of the county court.

2. **SAME—Quashing Felony Information Against Infant—Lack of Preliminary Trial.** A superior court has no jurisdiction to inquire into the probable guilt of a juvenile offender or into his capacity to commit a felony triable in the county, and where it is apparent on a motion to quash an information charging an infant defendant under 16 years of age with a felony that such defendant has never been accorded a preliminary examination by a court of competent jurisdiction, the motion to quash is properly sustained.

*Appeal from District Court, Creek County;*

*Lucien B. Wright, Judge.*

Lewis Alexander was charged with murder, and to review judgment quashing the information the State appeals. Judgment affirmed.

*Earl Foster*, Co. Atty., for the State.

*R. B. Thompson*, for defendant in error.

MATSON, J. This is an appeal by the state from a judgment quashing an information filed in the district court of Creek county charging defendant in error, Lewis Alexander, with the crime of murder. It is alleged that the trial court erred in quashing said information, and in holding that it did not have jurisdiction to try defendant upon the purported information filed against him.

The motion to quash is based on the contention that at the time of the commission of the alleged crime defendant was an infant under the age of 16 years, and had never been accorded an examination into the question of his probable guilt and capacity to commit such crime by a court of competent jurisdiction prior to the filing of said information in the district court.

Upon the hearing of the motion to quash, the admitted facts were that defendant was under the age of 16 years

and had never been accorded a preliminary investigation of the question of his probable guilt and capacity to commit said crime by the county court of Creek county sitting as a juvenile court. The record, however, discloses that the superior court of Creek county assumed to act in such capacity, and made a finding to the effect that defendant was probably guilty of the crime charged, and had capacity to commit the crime.

The trial court held that the superior court of Creek county had no jurisdiction to inquire into the probable guilt of a juvenile offender, or into his capacity to commit a crime triable in that county, and for the reason that defendant had never been accorded a preliminary examination into those questions by a court of competent jurisdiction, quashed the information.

We think the holding of the district court in this respect was correct. An examination of the act of March 24, 1909 (Laws 1909, c. 14, art. 8), creating the juvenile court and prescribing the jurisdiction thereof, clearly places the jurisdiction to inquire into the matter of the probable guilt and capacity of a juvenile offender under the sole jurisdiction of the county court. It was never the legislative intent to have, in some counties where superior courts exist, two juvenile courts, and only one such court in counties where no superior courts were created. It is apparent from the act itself that there is provided one juvenile court in each county of the state, and that jurisdiction is in the county court. *Ex parte Hightower*, 13 Okla. Cr. 472, 165 Pac. 624; *In re Powell*, 6 Okla. Cr. 495, 120 Pac. 1022.

For reasons stated, the judgment of the district court quashing the information is affirmed. This prosecution

should be instituted anew for preliminary inquiry into the probable guilt and capacity of defendant to commit the said crime by the county court of Creek county sitting as a juvenile court.

DOYLE, P. J., and BESSEY, J., concur.