## Ex parte JACK PARNELL.

No. A-4000. Opinion Filed July 25, 1921.
(200 Pac. 456.)

(Syllabus.)

1. **Infants—Liability for Crime—Exclusive Jurisdiction of Juvenile Court.** The act of March 24, 1909, creating the juvenile court and prescribing the jurisdiction thereof, places the jurisdiction to inquire into the matter of the probable guilt and capacity of a juvenile offender to commit crime under the sole original jurisdiction of the county court. In such a case a justice of the peace has no jurisdiction to hold a preliminary hearing, and the district court has no jurisdiction to proceed against a child charged with a felony until after the juvenile court has affirmatively found that the child was in fact capable of committing the crime charged, and that there was probable cause to believe him guilty.

2. **Same—Responsibility of Infants Under Sixteen.** A child under the age of sixteen years cannot be guilty of the commission of a crime, except in cases wherein it is shown that the child knew the wrongfulness of his acts at the time they were committed.

3. **Habeas Corpus—Record of Jurisdictional Facts—Courts—Juvenile Courts.** Where a court of record and of general jurisdiction exercises special or limited powers derived from statutes, and not in the exercise of general jurisdiction according to the common law, as provided in our juvenile statutes, the jurisdictional facts should appear in the record, and will not be presumed by this court in a proceeding in habeas corpus, attacking the juris-

diction of the court. A want of jurisdiction, under such circumstances, may be shown by evidence outside the record.

4. **Same—Presumptions—Finding as to Age of Juvenile Offender.** If the record in a felony case in the district court fails to affirmatively disclose that an issue of fact was tried and determined, finding that the offender was over the age of sixteen years, that issue remains open for this court to determine in a habeas corpus proceeding. Whatever presumptions there may have been that the district court had jurisdiction are, under such circumstances, rebuttable presumptions.

5. **Same.** The presumption of jurisdiction, if any, in the absence of jurisdictional recitals in the record that the district court had jurisdiction of the person and of the offense in a felony case, may be overcome by another presumption that a person under the age of sixteen is incapable of committing crime. If the offender was indeed under the age of sixteen years the district court had no original jurisdiction of his person or of the offense, and cannot acquire jurisdiction over such juvenile offender by any fiction of presumption, waiver, or estoppel.

6. **Infants—Criminal Liability—Jurisdiction—Waiver by Juvenile.** A juvenile offender is incapable, by waiver or consent, to transfer the jurisdiction of his person and the offense with which he is charged from the juvenile court to the district court.

Jack Parnell is confined in the State Penitentiary at Granite, Okla., under sentence of the District Court of Comanche County, and by his mother, Betty Parnell, he petitions for a writ of habeas corpus. Writ allowed.

C. R. Reeves, for the petitioner.

S. P. Freeling, Atty. Gen., W. C. Hall, Asst. Atty. Gen., for the State.

BESSEY, J. The nominal petitioner in this case, Betty Parnell, the mother of Jack Parnell, hereinafter referred to as the defendant, charges that Jack Parnell, defendant, is illegally restrained of his liberty in the state penitentiary at Granite, pursuant to a commitment issued on a void judgment and conviction for the crime of larceny, rendered in the district court of Comanche county on the 17th day of February, 1921, in which the defendant was sentenced to the state penitentiary at Granite for a term of two years.

The petitioner urges that said judgment is void and of no legal effect for the reason that the defendant was on said date under the age of sixteen years, and that prior to that time he did not have a hearing and investigation in the county court, sitting as a juvenile court, as provided by law; and that the district court rendered said judgment with no jurisdiction of the person of the defendant and with no authority to impose a judgment of sentence and conviction against him, directing imprisonment in the state penitentiary at Granite.

The record discloses that on February 17, 1921, complaint was made before a justice of the peace in Comanche county, charging the defendant jointly with two others with the larceny of an automobile of the value of two hundred dollars. On the day following, an information was filed in the district court against the defendant and the two others, charging the same offense. On the same day the defendant and the others jointly charged with him were taken before M. T. Perkins, justice of the peace in Comanche county, and each was formally arraigned, and each waived a preliminary trial. Upon the failure of the defendant to make bond, as fixed by the justice, the defendant was committed to the sheriff of Comanche county, who on the same day took him before the district court of Comanche county, where in open court he pleaded guilty to the information, and upon his plea of guilty the district court rendered and entered the judgment of which complaint is made.

The judgment record is as follows:

"Now on this 18th day of February, 1921, being one of the regular judicial days of the January, 1921, term of said district court, the above named defendant, Jack Parnell, appeared and is present in person before the bar of said court for arraignment upon the charge contained in the information in said cause, and thereupon said information was read to said defendant, Jack Parnell, and he was asked by the court

whether he is guilty or not of the crime charged in said information.

"Thereupon the said defendant is asked whether or not he has any just cause to show why judgment and sentence for the crime should not be pronounced against him and the defendant failing to show any just cause the court accepts said defendant's plea of guilty as charged in said information, and finds the defendant guilty as charged therein.

"It is therefore ordered, adjudged and decreed by the court that said defendant, Jack Parnell, for the crime by him committed be sentenced to serve a term of two years at hard labor in the state penitentiary located at Granite in the state of Oklahoma, from and after February 18, 1921, and that he pay all the costs of this prosecution, taxed at $45.

"It is further ordered by the court that said defendant be committed to the custody of the sheriff of Comanche county until the sheriff or some one designated by him shall transport said defendant to said penitentiary at Granite, Okla., when said sheriff shall deliver said defendant to the warden or the person designated by him, to be by said warden held and confined in said penitentiary, at hard labor, for a period of two years, from and after February 18, 1921. It is further ordered by the court that the clerk of this court make two certified copies of this judgment and deliver same to said sheriff, one of which shall be his warrant and authority for keeping said defendant in his custody until the sheriff or some one designated by him shall transport him to said penitentiary. and for the delivery of defendant to said warden; and the other of which he shall deliver to the warden or keeper of said penitentiary, which shall be his warrant and authority for the detention and confinement of said Jack Parnell in said penitentiary, as herein directed.

"It is further ordered that said sheriff shall make due return of how he has executed this judgment.

"Cham Jones,
"Judge of the District Court."

The minutes of the court clerk disclose the following:

"And now at this time, February 18, 1921, the defendants. Jack Parnell, Tom Tracy, and Bennie Mobley appear before the bar of said court and are formally arraigned, and when asked by the court whether they are guilty or not guilty, as charged in the information, the said defendants plead that they are guilty as charged in the information.

"Thereupon the court advised the defendants of the status of their case under their plea as entered, and the defendants being satisfied with said plea, it is ordered and adjudged by the court that the defendants Jack Parnell, Tom Tracy and Bennie Mobley for the crime by them committed be sentenced to the penitentiary at Granite for two years, said sentence to date beginning February 18, 1921.

"Thereupon, it is ordered by the court that the sentence as to Bennie Mobley be suspended pending good behavior, and that the defendant Bennie Mobley pay the costs within thirty days, and his sentence to begin at the time he is delivered to the warden of the penitentiary, as per journal entry."

Upon a hearing of this application, on the 27th day of June, 1921, by affidavits and oral testimony introduced, it was made to appear to the satisfaction of this court that the defendant, at the time of the rendition of the judgment against him, was under the age of sixteen years, and that in the proceedings had in the justice and district courts the defendant was without counsel, and that no parent, guardian or friend of the defendant was present or had any knowledge of the proceedings; and both the record and the testimony offered show that no preliminary investigation of the question of the probable guilt and the capacity to commit crime charged was made in the juvenile court of Comanche county.

We think it is fair to deduce from the record itself, as shown by the minutes of the court, that the defendants entered their plea and received their sentence without the benefit of counsel.

Quoting the minutes:

"Thereupon the court advised the defendants of the status of their case under their plea as entered, and the defendants being satisfied with said plea it was ordered and adjudged by the court that the defendants Jack Parnell, Tom Tracy, and Bennie Mobley for the crime by them committed be sentenced to the penitentiary at Granite for two years."

Be that as it may, the evidence at the hearing showed that this defendant was without counsel.

The question here before this court is whether the district court of Comanche county or the officers of the court issuing the process under which the defendant is detained had jurisdiction of the defendant and the subject-matter involved, and acted within that jurisdiction in issuing and serving the commitment, incarcerating the defendant in the state penitentiary at Granite; or, in other words, whether the district court had jurisdiction to try the defendant, an infant under the age of sixteen years, without first according him a preliminary investigation of the question of probable guilt and capacity to commit crime, made by the juvenile court of Comanche county. Incidentally, it becomes necessary to inquire into the purpose and intent of the Legislature in establishing the juvenile court, and the effect and scope of the juvenile law, as applied to this case.

At the threshold of this inquiry it is well to bear in mind that the rights of the infant are not the only consideration contemplated by the juvenile statutes. The state and society have an interest in protecting, caring for and reforming neglected and delinquent juvenile offenders. Strictly speaking, statutes of this character are not criminal in their nature, and are designed to protect and save the child from evil or criminal influences for his own sake, as well as to save the child for the state and if possible make of him a useful, law-abiding citizen. The essential feature of our juvenile law is the creation of a special court, the procedure of which is less formal

and more paternal than that of the regular criminal courts, and in which the child is protected from publicity and from association with adult or habitual criminals. To that end, the court is given a wide discretion in dealing with delinquent or incorrigible children, and it is made the duty of the court to commit such children to the care of probation officers, or to charitable or public institutions, or, in the case of actual criminal acts, to a reform school or reformatory, instead of to our state penitentiaries.

An investigation discloses that in recent years in every state of the Union there have been enacted juvenile laws and courts, in the main similar to our own. The courts, in construing these statutes, have universally treated them as beneficial and entitled to liberal construction.

This court having found, as a matter of fact, that the defendant, Jack Parnell, at the time of the rendition of the judgment and sentence of which complaint is made, was under the age of sixteen years, it becomes necessary to inquire what court or courts had original jurisdiction of the person and the offense. This court, in a number of cases, has passed upon the question of the jurisdiction of juvenile offenders. In the case Ex parte Raymond Hightower, 13 Okla. Cr. 472, 165 Pac. 624, Judge Doyle, speaking for the court, said:

"Under the provisions of this act a child under 16 years of age cannot be guilty of the commission of a crime except in cases wherein it is shown and determined by the juvenile court of the county wherein the crime is alleged to have been committed that such child knew the wrongfulness of his acts at the time they were committed, and such a determination is a necessary prerequisite to the jurisdiction of the district court to try a child under the age of sixteen years upon an information charging a felony.

"This act contemplates an investigation by the juvenile court of complaints against children under sixteen years of age, with the view of determining whether or not the child

committed the acts charged, and, if so, whether or not he knew the wrongfulness thereof in a criminal sense. And, if, upon an investigation, the juvenile court finds this affirmatively, it is then within its discretion to hold said child to be proceeded with in the manner provided by law in the court having competent jurisdiction of the offense, certifying to such court both finding as to probable cause, and that the child knew the wrongfulness of the acts complained of.''

The court in the case In re Powell, 6 Okla. Cr. 495, 120 Pac. 1022, made the following declaration:

''Under the provisions of this act, a child under the age of sixteen years cannot be guilty of the commission of a crime, except in cases wherein it is shown that such child knew the wrongfulness of his acts at the time they were committed.

''The acts or omissions of a child, which in an adult would be a crime, under this law constitute juvenile delinquency only, except in cases wherein the juvenile court finds that the child, at the time the acts complained of were committed, knew the wrongfulness thereof, and holds such child for trial before a court of competent jurisdiction.''

In the case of State v. Alexander, 18 Okla. Cr. 546, 196 Pac. 969, Judge Matson, speaking for this court, said:

''The act of March 24, 1909, creating the juvenile court and prescribing the jurisdiction thereof, places the jurisdiction to inquire into the matter of probable guilt and capacity of a juvenile offender under the sole jurisdiction of the county court.''

See, also, State v. Dunn, 75 Kan. 799, 90 Pac. 231; State v. McClosky, 136 La. 739, 67 So. 813; In re Vera Brown, 117 Ill. App. 335.

The state contends that the district court being a court of record and a court of general jurisdiction, in the absence of a record affirmatively showing jurisdictional facts, there is a presumption that the court inquired into its jurisdiction and in this case found, as a matter of fact, that the defendant was

over the age of 16 years. Assuming, without deciding, that there was such a presumption, it is nevertheless a rebuttable presumption; and such presumption, if there was any, has been overcome by proof introduced in the presentation of this application, showing that the defendant was under the age of 16 years. Upon the presumption of jurisdiction, the courts of this state have, in a number of cases, decided that the fact of jurisdiction, in the absence of an affirmative showing in the record, may be inquired into collaterally.

Upon the question of the conclusiveness of presumptions in favor of the jurisdiction of a court of general jurisdiction, it was the rule at common law, adhered to at the present time in many of the states, that a judgment rendered by such a court, cannot be attacked laterally, where no want of jurisdiction is apparent in the record; and that whenever the record of the court is merely silent upon any particular matter it will be conclusively presumed that whatever ought to have been done was not only done, but that it was rightfully done. The courts of some states, including Oklahoma, have in certain cases departed from this common law doctrine and have taken the view that want of jurisdiction in the court rendering the judgment may be established by extrinsic evidence, not only where the record is silent on the question of jurisdiction, but even to contradict recitals of jurisdictional facts found therein; that if a court entering a judgment never had jurisdiction, it is powerless to make a record capable of importing that it had jurisdiction. In re Patswald, 5 Okla. 789, 50 Pac. 139; Condit v. Condit, 66 Okla. 215, 168 Pac. 456, 15 R. C. L. 884, and cases cited.

In Kansas it has many times been decided that a judgment rendered without notice is void and not voidable, and that the court rendering such judgment was without jurisdiction. In Iowa, Illinois and New York it has been held

that judgment rendered by consent of an unauthorized attorney is void, and that the court in such a case is without any jurisdiction to pronounce a valid judgment. In all of these cases the record itself did not disclose a want of jurisdiction, and proof of a want of jurisdiction was made by evidence independent of the record. Williams v. Johnson, 21 L. R. A. 853, notes.

In the habeas corpus proceeding, In re Patswald, supra, the petitioners had been tried for the crime of perjury in the district court of Oklahoma county, on the 21st day of December, 1895, the cause was submitted to the jury, and they retired in charge of the bailiff to deliberate and consider of their verdict. The court adjourned from time to time, and on the 24th day of December Judge Scott, the presiding judge trying the cause, went to the city of Norman in Cleveland county, and there opened and adjourned court and transacted a large amount of business. On December 26th Judge Scott returned to Oklahoma county, opened court and received the verdict of the jury in the Patswald case. The records of the court in Oklahoma county did not disclose that Judge Scott had left the county and the judgment record in Oklahoma county showed no want of jurisdictional facts. The court held that in the absence of the judge from the county, holding court in another county during the deliberations of the jury, the jury had no authority to consider the case, and that the jurisdiction of the court was suspended and lost, and that the petitioner was entitled to his liberty in the habeas corpus proceeding and this, notwithstanding the fact that the judgment appeared to have been regular and to have been rendered by a court of competent jurisdiction. It was held that the petitioner in a habeas corpus proceeding has a right to show that the court did not in fact have the power or authority at the time of rendering the judgment to render that particular

judgment, and that it was then incompetent to render the judgment.

In the case of Condit v. Condit, supra, a civil suit involving the service of process against an infant, it was held:

"A judgment rendered without jurisdiction of the person is no judgment at all; it is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect, impair nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever. As to the person in whose favor it professes to be, it places him in no better position than he occupied before, and gives him no new right. As to third persons, it can neither be a source of title, nor an impediment in the way of enforcing claims. It is not necessary to take any steps to have it reversed, vacated or set aside, and whenever it is brought up against the party he may assail its pretensions and show its worthlessness. It is supported by no presumptions, and may be impeached in any action, direct or collateral. It is a judgment which is entirely void, and may be shown to be void in a collateral as well as a direct proceeding, by extrinsic evidence as well as by the record itself."

If the rule above stated applies to civil cases, involving property rights, it seems that it would apply with even greater force in a criminal case, involving the life or liberty of an infant. Jefferson v. Gallagher, 56 Okla. 405, 150 Pac. 1071.

While it is well settled that a judgment cannot be attacked collaterally for an error committed in the exercise of jurisdiction, the rule is equally well established that a judgment may be attacked in a collateral proceeding for error in assuming jurisdiction. Even where a court has jurisdiction of the parties and the subject matter, yet if it renders a judgment which is not within the powers granted to it by the law of its organization, its judgment is void. 15 R. C. L. 833, notes and cases there cited.

No presumption will be indulged in favor of a judgment, where the record is silent as to some fact, if the presumption violates an express statutory requirement as in this case, requiring a preliminary investigation by a juvenile court. 15 R. C. L. 876.

The jurisdiction of a court or judge to render a particular judgment or sentence by which a person is imprisoned is always a proper subject of inquiry in a habeas corpus proceeding. Ex parte McAlester, 13 Okla. Cr. 47, 161 Pac. 1176; Ex parte Hightower, 13 Okla. Cr. 472, 165 Pac. 624; In re Hill, 12 Okla. Cr. 335, 156 Pac. 686; Ex parte Sullivan, 10 Okla. Cr. 465, 138 Pac. 815.

There has always been a well recognized exception to the presumption that a court of general jurisdiction in the absence of specific recitals has jurisdiction of the person and the subject matter, namely, in cases where such court proceeds in the exercise of special powers only, derived from statutes, and not in the exercise of general jurisdiction, according to the common law. Where such special jurisdiction is exercised by a court of general jurisdiction, the jurisdictional facts must appear in the record, and will not be presumed in a collateral proceeding. As to all juvenile offenses, the district court is a court of limited or special jurisdiction, and not a court of general jurisdiction. 23 Cyc. 108, and cases there cited; 15 R. C. L. 883; Ferguson v. Jones (Ore.) 3 L. R. A. 620.

As has been seen, under the provisions of our juvenile statutes, an infant under the age of sixteen years is presumed to be incapable of committing crime, and that presumption remains until the juvenile court finds to the contrary. In all cases, where the county court, sitting as a juvenile court, finds that any child knew the wrongfulness of his acts and it is probably guilty of crime, then and then only is the district court empowered to deal with such delinquent child. And

where the record is silent upon the question of an inquiry into the age of the child and of the mode and manner of acquiring jurisdiction, applying the rule above stated, any presumption that the court had jurisdiction of such juvenile offender is at least a rebuttable one, and a proper subject of inquiry by this court in a habeas corpus proceeding, challenging the jurisdiction of the district court.

This defendant was an infant, as we think under the age of sixteen years, and a delinquent child, within the exclusive original jurisdiction of the juvenile court. At any rate, he was without the advantage of advice of counsel, guardian or parent. He was charged with and arrested for larceny, along with other companions, on one day; on the day following he was given an opportunity to have a preliminary hearing, which he waived; and on the same day he was taken into district court, where he entered a plea of guilty and was sentenced to imprisonment for a term of two years in the state penitentiary at Granite, where he is now incarcerated with others, some of whom are hardened, habitual criminals. The possibilities are great that by the end of his term he will be like them and will go out into society an undesirable citizen, possibly an habitual criminal. Why the defendant waived a preliminary hearing and why he entered a plea of guilty does not appear. Not having the advantage of counsel, it may be presumed that he did on the advice of the county attorney or his codefendants. Under the circumstances, he was hardly capable of determining these matters without advice from some one.

One of the purposes of the juvenile law was to prevent this very situation, and to construe the force and effect of the juvenile law in any other manner would make it ineffectual and would not be in accord with the express purposes recited in the act. The juvenile act expressly provides that it shall be liberally construed, and in our opinion no other court has

jurisdiction, by any fiction or presumption, to deal with juvenile offenders, in the face of the express and necessarily implied provisions of the juvenile law.

It has been argued that any defendant in a criminal case may waive a preliminary examination. Ordinarily that is true. But can an infant, under the age of sixteen years, without guardian or counsel, waive a preliminary hearing in a court having no jurisdiction of his person? Manifestly not. To contend that he could would be arguing in a circle. If the court had no jurisdiction, or if the infant had no capacity to commit crime, he is without capacity to waive anything, and cannot by waiver or consent give to any court the jurisdiction required. Such an infant cannot give his consent in a civil action, so as to import jurisdiction to a court, where his property rights are involved; and the same reason would, it seems to us, apply with greater force in a criminal case. Service of process, as required by statute, upon an infant defendant, cannot be waived. No one is authorized to appear for him in an action prior to such service. His defense must be made by a guardian for the suit, whose appointment cannot be made until after service of summons in the action. Condit v. Condit, supra.

The application for a writ of habeas corpus is, for the reasons stated in this opinion, allowed; and the warden of the state penitentiary at Granite is ordered and directed to hold the defendant, Jack Parnell, for a period of ten days, to permit the juvenile court of Comanche county to take charge of and exercise jurisdiction over him, as provided by law; and upon the failure of the juvenile court so to act within said period, the warden is directed to discharge and liberate the said defendant.

DOYLE, P. J., concurs; MATSON, J., dissents.