## Ex parte JOSEPHINE BROWN.

No. A-5462. Opinion Filed March 12, 1925.
(233 Pac. 1098.)
(Syllabus.)

1. **Infants—Juvenile Court Cannot Render Penal Judgment for Arson.** A juvenile court, as such, under our procedure, has no authority to render a penal judgment for the crime of arson.

2. **Same—Jurisdiction of Juvenile Court Stated.** The jurisdiction of a juvenile court is confined to a general finding of juvenile delinquency and the exercise of guardianship and control of the delinquent child; or a finding that the child probably committed some specific offense and was possessed of the mental capacity to know right from wrong, and was therefore criminally responsible, and to make an order transferring the case for criminal prosecution to some court having jurisdiction of the offense.

Petition by Josephine Brown for a writ of habeas corpus to obtain the discharge from custody of her son. Delbert Brown. Writ allowed.

O. R. Fegan, for petitioner.

The Attorney General, and G. W. Partridge, Co. Atty., for the State.

BESSEY, P. J. On February 9, 1925, complaint was made in the juvenile court of Logan county, charging that Delbert Brown was a negro boy, 14 or 15 years of age, in the custody of his mother in Logan county; the complaint stating further:

"That said child did, on or about the 8th day of February, 1925, in said county, violate the laws of the state of Oklahoma, by then and there, at about 7:30 o'clock in the evening, on February 8, 1925, setting fire to the house or home of the said Stokley Overstreet; said fire was set by the said Delbert Brown by pouring coal oil on the southeast corner of the house; one of the neighbors saw the boy set the fire and therefore prevented very much damage being done to the house by extinguishing the fire. Your petitioner further states that the reputation of the said Delbert Brown is not good.

"Wherefore, petitioner prays that the said Delbert Brown be brought before this court to be dealt with according to law."

The evidence shows that Delbert Brown was a 13 year old negro boy, of rather low mentality, who associated with bad companions and was not subject to proper parental care. The juvenile court, acting upon the petition filed, made and entered the following judgment:

"In the Juvenile Court of Logan County, Oklahoma. In the matter of Delbert Brown, a Juvenile Delinquent. No. 128. Now, to wit, on this 11th day of February, 1925, the same being one of the regular days of the January, 1925, term of said court, this cause coming on for hearing upon the application of Stokley Overstreet to declare the juvenile Delbert Brown a delinquent child; and the court, after hearing the evidence of said petitioner and other witnesses, finds that the accused is guilty as charged, to-wit, of the crime of setting fire to the home of Stokley Overstreet. That he is sentenced to the State Industrial School

at McAlester for a term of 7 years, and until further orders of this court, and that commitment is now signed.

"A. H. Boles, County Judge."

The court issued a commitment accordingly and suspended sentence during good behavior. Later, there was some kind of showing made that the terms of the parole had been violated, whereupon the court made the following order:

"Now, therefore, it is by the court ordered that said Delbert Brown be committed and delivered to the charge of the superintendent of the State Industrial School (colored) at McAlester, Okla., to be safely kept under the direction of the Board of Control of State Charitable Institutions until further order of this court."

The petitioner was thereupon committed to the State Industrial School (colored) at McAlester. (A youth convicted of arson cannot be paroled. Section 2803, Comp. Stat. 1921).

In this proceeding Josephine Brown, mother of Delbert Brown, asks for a writ of habeas corpus, alleging that the restraint of her said son is illegal, in that the juvenile court had no authority or jurisdiction to make the orders and render the judgment recited.

A juvenile court, as such, under our procedure has no authority to render a penal judgment for the crime of arson. Its jurisdiction, as defined by section 8070, Comp. Stat. 1921, and sections following, is confined to a general finding of juvenile delinquency; or that the child has probably committed some specific offense and is possessed of the mental capacity to know right from wrong, and is therefore criminally responsible, and to make an order transferring the case for criminal prosecution to some court having jurisdiction of the offense.

The juvenile court is not, strictly speaking, a court of criminal jurisdiction. On the contrary, its functions are

more like those of a guardian having supervision over juvenile delinquents; except that where it appears probable that a child has committed a punishable offense, when he may be transferred to a court exercising criminal jurisdiction.

In this case, if the juvenile court found that there was probable cause for holding Delbert Brown for the crime of arson, and found further that he was a person of sufficient mentality to know the wrongfulness of the act, such facts should have been certified to the district court of Logan county, having jurisdiction of the offense. Neither the juvenile court, as such, nor the county court, has jurisdiction to try a minor child, or any other person, for the crime of arson. Ex parte Parnell, 19 Okla. Cr. 273, 200 P. 456; State v. Alexander, 18 Okla. Cr. 546, 196 P. 969; Ridge v. State, 25 Okla. Cr. 396, 220 P. 965; Ex parte Hightower, 13 Okla. Cr. 472, 165 P. 624.

As will be seen from the record quoted, the juvenile court did not make a specific finding that Delbert Brown was a delinquent child, nor a finding of probable cause to believe him guilty of the crime of arson and that he was of sufficient intelligence to be responsible therefor. On the contrary, the juvenile court assumed jurisdiction of a specific criminal offense, which is by law lodged in another court.

The juvenile court was without jurisdiction to render a judgment for arson, and therefore the commitment issued thereon was void. The application for a writ of habeas corpus is allowed, and the prisoner is ordered discharged from the custody of the superintendent of the State Industrial School at McAlester and remanded to the custody of the sheriff of Logan county, to be further dealt with according to law.

DOYLE and EDWARDS, JJ., concur.