## George Evans v. The State.

### *No. 938. Decided February 26th, 1896.*

**1. Witness—Convict not Sentenced.**

A party, who has been convicted of a felony, but who has not had his sentence passed upon him, is not incompetent to testify as a witness.

**2. Charge—Verdict—"Reform School"—House of Correction and Reformatory—Abbreviation.**

On a trial for burglary, where the court, in the charge, instructed the jury, that if they found defendant guilty, and found that he was not over 16 years old, and did not assess his punishment at more than five years, to send him to the "Reform School;" and. in the closing portion of said charge, wrote out a blank verdict, in which the place of imprisonment was stated as the "Reform School," and the jury in their verdict, assessed the punishment at imprisonment in the "Reform School." Held: That the verdict cannot be upheld, because there is no such place in this State, designated as a place for punishment of convicts, as the "Reform School." "Reform School" is not an abbreviation for "House of Correction and Reformatory," even though it may be the equivalent of "Reformatory."

Appeal from the Criminal District Court of Dallas. Tried below before Hon. Charles F. Clint.

This appeal is from a conviction for burglary. The verdict assessed the punishment at two years' confinement in the "Reform School," and the judgment and sentence condemned the defendant to two years' imprisonment in the State reformatory.

No statement of the evidence necessary.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, Judge.—The appellant was convicted under an indictment charging him with burglary, and his punishment assessed at two years in the reform school. Appellant objected to one Tenison testifying in said case, on the ground, as alleged by him, that the said Tenison had been convicted of a felony in the Criminal District Court of Dallas County. The court overruled the objection, and, in his explanation to the bill of exceptions, states that the said Tenison had been convicted of a felony, but that sentence had not been passed upon him. In this action of the court there was no error. See Penal Code, Art. 27; Code Crim. Proc., Art. 730, Subdiv. 5; Arcia v. State, 26 Tex. Crim. App., 193; Woods v. State, 26 Tex. Crim. App., 490. The court, in its charge to the jury, instructed them, if they found the defendant guilty, and found that he was not over 16 years old, and did not assess his punishment at more than five years, to send him to the reform

school; and he wrote out in the closing portion of his charge a blank verdict, in which the place of imprisonment was stated as the reform school. The jury returned a verdict, assessing the punishment of defendant at confinement in the reform school for the term of two years. The appellant, in the motion for a new trial, urged that the charge of the court was contrary to the law, and the verdict responsive thereto null and void, in that the charge directed, and the jury assessed, the punishment at confinement in a place not known to the laws of this State. Where a person is convicted of a felony under the laws of this State, there are two places in which he can be punished—the penitentiary (see Penal Code, Art. 55), or in the house of correction and reformatory (see New Code Crim. Proc., Art. 1145). The latter article applies only to cases in which the jury find the defendant to be not more than 16 years of age, and assess his punishment at confinement for five years or less. We have examined our statutes carefully, and have failed to find any such place of confinement designated as a "reform school." There may be, within the State of Texas, such a place as a reform school, and bearing that name, but our statutes fail to make such school a place of punishment for criminal offenders.. It may be that the learned judge who tried the case meant, by the use of the term "reform school," what our legislature has designated as the "house of correction and reformatory." And he may have meant some of our normal schools, which are also State institutions, and are considered by some as a reform method of educating school teachers. If he meant the former, and we were permitted to indulge that presumption, the sentence consigning appellant to the "reformatory" might be sustained, though it would have been better if it had followed the very language of the statute, "house of correction and reformatory." If he meant the latter, the verdict could not be carried out, because our normal schools are not designated by our statute as places of punishment. No doubt that the former place of punishment was intended by the judge, in framing his charge; but still the question remains, are we at liberty, where the question is brought directly before us on appeal, to construe the verdict to mean what it does not say? A number of cases could be cited, where the meaning was more obvious than that in question, where a case has been reversed on account of the omission of a word in the indictment, which the court, for obvious reasons, would not supply. And other cases might be cited where verdicts of juries for informalities of less potentiality than this, have been set aside. One case, where the jury found a defendant guilty of a felony, and punished him by imprisonment in the "State penty" for two years, was reversed. See Keeller v. State, 4 Tex. Crim. App., 527. While we might be inclined to hold the word "penty" as an abbreviation for "penitentiary," still it would not be an authority for holding that the "reform school" is an abbreviation for the "house of correction and reformatory." The courts below should exercise some degree of care in matters of this character, and in this instance a little diligence of memory, or, if that was at fault, a

reference to the statutes, would have settled the question, and the charge in this regard have been framed properly. However that may be, we do not feel called upon to establish a bad precedent by upholding the verdict in this case. There is no such place known to our law, for the punishment of offenders convicted of crime, as the "reform school;" and the judgment and sentence of the lower court are accordingly reversed, and the case remanded.

*Reversed and Remanded.*

DAVIDSON, Judge, absent.