## WILL REA v. STATE.

No. A-824.   Opinion Filed November 21, 1911.

(118 Pac. 815.)

**TRIAL—Verdict—Sufficiency.** Under Snyder's Stat., section 6878, where the jury returns an informal verdict of guilty, it is the duty of the court with proper instructions as to the law to direct them to reconsider it, and it cannot be recorded until it be rendered in proper form.  The jury returned the following verdict: "We, the jury, drawn, impaneled, and sworn in the above entitled cause, do upon our oaths find the defendant guilty as charged in the indictment herein, and impose a fine of $50.00, and recommend that the court suspend the jail sentence."  The court overruled defendant's motion to direct the jury with proper instructions to reconsider this informal verdict.  **Held,** that the verdict returned is insufficient to support a judgment of conviction and sentence.

(Syllabus by the Court.)

*Appeal from Pontotoc County Court; Joel Terrell, Judge.*

Will Rea was convicted of violating the prohibitory law, and appeals.   Reversed and remanded.

*Bullock & Kerr,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.   The plaintiff in error was indicted in the district court of Pontotoc county for a violation of the prohibition law.   The case was transferred to the county court of said county.   Upon a trial there had the jury returned a verdict, which reads as follows:

"We, the jury, drawn, impaneled, and sworn in the above-entitled cause, do upon our oaths find the defendant guilty as

charged in the indictment herein and impose a fine of $50.00, and recommend that the court suspend the jail sentence."

Upon returning into court the above verdict, the attention of the court was by the plaintiff in error called to its informality and he moved the court to direct the jury with proper instructions to return and reconsider the verdict, which was by the court overruled.

This action of the court is assigned as error, and the Attorney General by a confession of error concedes that the assignment is well taken. The verdict in form returned is insufficient to support a judgment of conviction and sentence. Under the law, in a verdict of guilty, the jury may assess and declare the punishment which must in cases of this kind be both fine and imprisonment, or if they fail to agree on the punishment, or do not assess the punishment, the court shall assess the punishment. Having returned an erroneous and informal verdict, it was the duty of the court to direct them to reconsider their verdict as provided by section 6878, Snyder's Stat.:

"If the jury render a verdict not in form, the court may, with proper instructions as to the law, direct them to reconsider it, and it cannot be recorded until it be rendered in some form from which it can be clearly understood what is the intent of the jury."

For the reason stated, the judgment of the county court of Pontotoc county is hereby reversed, and the cause remanded.

FURMAN, P. J., and ARMSTRONG, J., concur.