## Ex parte EVELYN PYZER.

No. A-5412.  Opinion Filed Feb. 10, 1925.
(232 Pac. 962.)

(Syllabus.)

1.  **Habeas Corpus—When Issue that Offender Was Over 16 Years Old, Remains Open for Court of Criminal Appeals.**  If the record in a felony case in the district (or superior) court fails to affirmatively disclose that an issue of, fact was tried and determined, finding that the offender was over the age of 16 years, that issue remains open for this court to determine in a habeas corpus proceeding.

2.  **Infants—Child Under Age of 16—Necessary Showing of Criminal Responsibility.**  A child under the age of 16 years cannot be guilty of the commission of a crime except in cases where it it is shown by the findings of a juvenile court that the child knew the wrongfulness of the act charged.

On application of Evelyn Pyzer for writ of habeas corpus. Writ allowed.

Wright & Gill, for petitioner.

The Attorney General, for the State.

BESSEY, P. J. From a preponderance of the evidence adduced in support of the petition of Evelyn Pyzer for a writ of habeas corpus it now appears that the petitioner, at the time she entered her plea of guilty to a charge of felonious assault in the superior court of Pottawatomie county and at the time of the rendition of judgment thereon, July 27, 1923, was a delinquent child under the age of 16 years.

The evidence discloses that petitioner, with a girl companion, without the knowledge or consent of her parents, left her home in Oklahoma City about July 25, 1923, and in a spirit of romance and adventure joined two young men who were traveling together in a Ford car in Pottawatomie county and that a quarrel there ensued in which petitioner's male companion, who was driving the car, was assaulted with an automobile jack. For this assault the petitioner and the other occupants of the car were arrested, and they all three entered their pleas of guilty to the charge preferred against them. On July 27, 1923, upon petitioner's plea of guilty, the court forthwith rendered judgment accordingly, assessing her punishment at confinement in the state penitentiary for a term of 10 years; and petitioner has since been incarcerated in the penitentiary at McAlester under this judgment and commitment issued thereon.

At the trial petitioner was not represented by either parent or by counsel, and this court is convinced that upon the perfunctory investigation made she did not know or fully comprehend the import of the accusation

or the consequences of her plea of guilty. It now appears also that she may not have participated in the assault, but that on the contrary she did what she could to prevent it.

This case demonstrates the wisdom of the provisions of our juvenile statutes requiring, as a condition precedent to the prosecution for crime of persons under the age of 16 years, that a separate preliminary investigation be had in the juvenile court. In re Powell, 6 Okla. Cr. 495, 120 P. 1022.

It was said in Ex parte Hightower, 13 Okla. Cr. 472, 165 P. 624:

"By numerous decisions of this court it is held that the jurisdiction of a court or judge to render a particular judgment or sentence by which a person is imprisoned is a proper subject of inquiry on habeas corpus, and where it is shown by the return that the petitioner is detained by virtue of a commitment issued upon a judgment of a court of competent jurisdiction, such showing is prima facie only of the fact," etc.

In the case of Ex parte Parnell, 19 Okla. Cr. 273, 200 P. 456, this court held that a child under the age of 16 years cannot be guilty of the commission of a crime except in cases where it is shown by the findings of a juvenile court that the child knew the wrongfulness of the act charged. And a juvenile offender is incapable, by waiver or consent, of transferring the jurisdiction of his person or of the offense from the juvenile court to the district court.

In the Parnell Case, supra, it was held further:

"If the record in a felony case in the district court fails to affirmatively disclose that an issue of fact was tried and determined, finding that the offender was over the age of 16 years, that issue remains open for this court to determine in a habeas corpus proceeding. Whatever presumptions there may have been that the district

court had jurisdiction are, under such circumstances, rebuttable presumptions."

For the reasons stated, this court holds that this conviction was not in accordance with due process of law and is void. It is therefore held that the petitioner is entitled to be discharged from the imprisonment of which she complains; and said petitioner, Evelyn Pyzer, is by the judgment of this court ordered discharged therefrom.

DOYLE and EDWARDS, JJ., concur.