## Ex parte DORA BONITZ.

No. A-5516. Opinion Filed April 7, 1925.
(234 Pac. 780.)

(Syllabus.)

1. Habeas Corpus—Jurisdiction to Render Judgment and Sentence Proper Subject of Inquiry. The jurisdiction of a court or judge to render a particular judgment and sentence, by which a person is imprisoned is a proper subject of inquiry on habeas corpus.

2. Same—Release of Child under 16 Years of Age Imprisoned in Pursuance of Void Judgment. Where the law did not authorize the proceedings under and by virtue of which a child under 16 years of age was imprisoned, there was a lack of jurisdiction, and the judgment void, and habeas corpus a proper remedy to obtain a release from imprisonment.

3. Infants—Determination by Juvenile Court that Child Under 16 Knew Wrongfulness of Acts Necessary to Give Courts Jurisdiction to Try for Crime. Under the provisions of the statute establishing juvenile courts and prescribing their jurisdiction and control of delinquent children (sections 8070 to 8089, C. S. 1921), a child under 16 years of age cannot be guilty of the commission of a crime except in cases wherein it is shown and determined by the juvenile court of the county wherein the crime is alleged to have been committed that such child knew the wrongfulness of his acts at the time they were committed, and such a determination is a necessary prerequisite to the jurisdiction of the district court to try a child under the age of 16 years upon an information charging a felony.

4. Habeas Corpus—Statutory Duty of Commissioner of Charities and Corrections to Institute Proceedings for Release of Children Wrongfully Imprisoned. The statute not only authorizes the commissioner of charities and corrections to institute proceedings in this character of cases but imposes that duty.

Petition of Dora Bonitz, mother of Milburn Bonitz, a minor, for habeas corpus to be directed to the Warden of the State Reformatory at Granite, to secure his discharge from custody.   Writ allowed.

Mrs. Mabel Bassett, Com'r of Charities and Corrections, and Mrs. Jessie Moore, Asst. Com'r of Charities and Corrections, for petitioner.

George F. Short, Atty. Gen., G. B. Fulton, Asst. Atty. Gen., and B. F. Holding, Co. Atty. of Grady Co., for respondent.

DOYLE, J.   The petition for writ of habeas corpus based upon the following facts as shown by the petition and response to a rule to show cause why the writ should not issue.

It appears from the record in this case that petitioner, Milburn Bonitz, a minor under the age of 16 years, was upon complaint filed before H. L. Grigsby, justice of the peace of Carter county, on the 5th day of February, 1925, arrested and on the same day was brought before said justice, and without the aid of counsel waived a preliminary examination and was held to answer to the district court for the offense of second degree robbery.   On the same day an information was filed in the district court of Grady county, charging the petitioner with the crime of burglary, and on the same day petitioner was arraigned before said district court, and without the benefit of counsel waived time within which to plead and entered his plea of guilty, and was thereupon sentenced to be imprisoned in the state reformatory at Granite for a term of two years.

It is averred in the petition that Milburn Bonitz at the time of entering his said plea of guilty was of the age of 15 years.   It is further averred that his im-

prisonment in the state reformatory at Granite is unlawful and said restraint is illegal, for the reason that the district court of Grady county had no jurisdiction at the time judgment was pronounced and said sentence imposed on the said Milburn Bonitz; that no preliminary complaint against him was ever filed in the county court of Grady county; and that no investigation was ever had before said court or the judge thereof sitting as a juvenile court concerning the charge against him before filing the information in the district court of said county charging petitioner with said crime.

It is elementary law that in habeas corpus proceedings jurisdictional questions only are reviewable or are to be considered. The writ cannot be invoked for the purpose of reviewing the action of courts or officers where they acted within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal from the judgment of conviction. Before the writ is available as a means of releasing from confinement, it must appear that the court issuing the commitment has acted entirely without jurisdiction.

In this case the proof shows, and it is not disputed, that petitioner was and is now under the age of 16 years.

The precise question here presented was passed upon by this court in Ex parte Hightower, 13 Okla. Cr. 472, 165 P. 624. It was held that under the statute (section 8072, C. S. 1921), relating to juvenile courts and their jurisdiction and control over delinquent children, a child under 16 years of age cannot be guilty of the commission of a crime except in cases wherein it is shown and determined by the juvenile court of the county wherein the crime is alleged to have been

committed that such child knew the wrongfulness of his acts at the time they were committed, and such a determination is a necessary prerequisite to the jurisdiction of the district court to try a child under the age of 16 years upon an information charging a felony, and further that the law contemplates an investigation by the juvenile court of complaints against children under 16 years of age, with the view of determining whether or not the child committed the acts charged, and, if so, whether or not he knew the 'wrongfulness thereof in a criminal sense, and, if upon such investigation, the juvenile court finds affirmatively, it is then within its discretion to hold said child to be proceeded with in the manner provided by law, in the court having competent jurisdiction of the offense, certifying to such court both findings as to probable cause, and that the child knew the wrongfulness of the acts complained of.

In the case of In re Powell, 6 Okla. Cr. 495, 120 P. 1022, it was held that the statute not only authorizes the commissioner of charities and corrections to institute proceedings in this class of cases, but imposes that duty.

In this case it is conceded that no proceedings were had before the juvenile court of Grady county.

It follows that the district court of Grady county was without jurisdiction to render the judgment and sentence under which petitioner is now held in custody.

Our conclusion, therefore, is that the judgment and sentence of the district court of Grady county in this case is illegal and void, and that the execution of said judgment and sentence deprives petitioner of his liberty without due process of law.

It is therefore adjudged and ordered that petition-

er, Milburn Bonitz, be discharged from imprisonment under said judgment and sentence, that he be returned to the custody of the sheriff of Grady county to abide the action of the juvenile court of said county, and, to that end, it is ordered that said warden in whose custody petitioner now is, do deliver him into the custody of said sheriff, who shall keep him in custody until discharged therefrom by law.

BESSEY, P. J., and EDWARDS, J., concur.