Ex parte POLLY WALKER et al.

No. A-5534.   Opinion Filed April 25, 1925.
(235 Pac. 266.)

Application of Polly Walker and Susie Thomas for writs of habeas corpus. Writs allowed.

Morris & Tant, for petitioners.

The Attorney General and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J. In this application for writs of habeas corpus it is stated that both petitioners, Polly Walker and Susie Thomas, at the times herein mentioned were under the age of 16 years; that on the 14th day of November, 1921, they were arrested at El Reno, in Canadian county, and lodged in jail, charged with conjoint robbery; that on the 18th day of November the petitioners were advised by certain peace officers that it would be to their best interest and advantage to plead guilty to this charge. Acting upon such advice, having on this same day been brought by one of these officers into the county court of Canadian

county they both, without the advice of counsel, friend, or parent, and without the knowledge of their parents, waived preliminary hearing and were by the county court held to answer the charge before the district court of said county. On the same day a final information was filed in the district court of Canadian county, charging the petitioners with conjoint robbery; the petitioners were forthwith taken into the district court where they entered their pleas of guilty, again without the advice of counsel, parent, guardian, or friend. Thereupon the district court, on the same day, to wit, November 18, 1925, sentenced each of the petitioners to confinement in the penitentiary for a term of 50 years, where they have since been, and now are incarcerated pursuant to the judgment so rendered.

The petitioners say that in truth and in fact they were not guilty of conjoint robbery; that at the time they entered their pleas they did not, by reason of youth and want of understanding, comprehend the nature and consequences of the pleas or of the waivers of their statutory and constitutional rights in connection therewith; that both petitioners at that time were under the age of 16 years; and that no proceedings of any kind were had in the juvenile court to determine the intelligence and criminal responsibility of these petitioners, or to fix their status as juvenile offenders, if indeed they were such, as contemplated by law.

Petitioners say that for these reasons the district court of Canadian county was without jurisdiction to entertain any waiver of their constitutional or statutory rights, or to entertain their pleas of guilty, or to render and pronounce any judgment of conviction thereon, and that their consequent incarceration in the penitentiary is therefore without legal authority.

Upon a hearing had upon the application for these writs, it was shown by oral and documentary evidence of a positive and conclusive nature that, at the time of the

proceedings had in the county and district courts of Canadian county, the petitioners were in fact under the age of 16 years, and that no prior investigation had been had in the juvenile court, as contemplated by law. Upon consideration of the testimony and documentary evidence adduced, this court holds that the prayer of the petitioners should be granted; that the district court of Canadian county was without jurisdiction to render the judgment imposed against the petitioners, and each of them; and that the consequent restraint and confinement of the petitioners in the penitentiary is without legal authority. Ex parte Pyzer, 29 Okla. Cr. 156, 232 P. 962; In re Powell, 6 Okla. Cr. 495, 120 P. 1022; Ex parte Hightower, 13 Okla Cr. 472, 165 P. 624; Ex parte Parnell, 19 Okla. Cr. 273, 200 P. 456.

The petition for the writs of habeas corpus is sustained as to both petitioners, and the petitioners ordered discharged.

DOYLE and EDWARDS, JJ., concur.