Ex parte ALONZO RAYMER.

No. A-5847.   Opinion Filed Aug. 22, 1927.
(258 Pac. 1063.)

Troy W. Griffin, for petitioner.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for respondent.

PER CURIAM. The petition for writ of habeas corpus, filed in this court October 13, 1925, and the return thereto shows that on the 8th day of February, 1925, Alonzo Raymer, a minor under the age of 16 years, was arraigned in the district court of Grady county on an information charging burglary and without the benefit of counsel waived time within which to plead and entered his plea of guilty, and was thereupon sentenced to be imprisoned in the state reformatory at Granite for a term of two years, and was on the 10th day of February delivered to said warden.

It is averred in the petition that his said imprisonment is unlawful for the reason that the district court of Grady county had no jurisdiction at the time judgment was pronounced and said sentence imposed, in that no prelim-

inary complaint against him was ever filed in the county court of Grady county, and that no investigation was ever had before said court or the judge thereof sitting as a juvenile court concerning the charge against him before filing said information in the district court of said county.

It is further averred that Alonzo Raymer was born on the 7th day of March, 1909, near Baley, Okla., and was at the time of said judgment of the age 15 years. Upon the hearing, the evidence was undisputed that said minor was under the age of 16 years.

At the conclusion of the hearing on October 23, 1925, the writ was awarded and the petitioner discharged upon the authority of Ex parte Hightower, 13 Okla. Cr. 472, 165 P. 624, wherein it was held that, under the statute (chapter 70, art. 4, Comp. Stats. 1921) relating to juvenile courts and their jurisdiction and control over delinquent children, a child under 16 years of age cannot be guilty of the commission of a crime except in cases wherein it is shown and determined by the juvenile court of the county wherein the crime is alleged to have been committed that such child knew the wrongfulness of his acts at the time they were committed and such a determination is a necessary prerequisite to the jurisdiction of the district court to try a child under the age of 16 years upon an information charging a felony, and, further, that the law contemplates an investigation by the juvenile court of complaints against children under 16 years of age, with the view of determining whether or not the child committed the acts charged, and, if so, whether or not he knew the wrongfulness thereof in a criminal sense, and, if upon such investigation the juvenile court finds affirmatively, it is then within its discretion to hold said child to be proceeded with, in the manner provided by law, in the court having competent jurisdiction of the offense, certifying to such court both findings as to probable cause and that the child knew the wrongfulness of the acts complained of.

34

The precise question here presented was also passed upon by this court in Ex parte Bonitz, 30 Okla. Cr. 45, 234 P. 780.