### Ex parte M. B. ALTON.

No. A-6824.  Opinion Filed Dec. 27, 1927.
(262 Pac. 215.)

John J. Carney, for petitioner.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. This case originates in this court upon an application for writ of habeas corpus on the part of Martin Alton against the warden of the State Reformatory at Granite, to secure his discharge from custody.

It appears that said Martin Alton, a minor, on the 5th day of May, 1927, in the district court of Noble county, upon arraignment, pleaded guilty to the charge of larceny of a Ford coupe, the property of S. E. Meyers, and on the following day was by the judgment of said

court sentenced to serve a term of five years in the State Reformatory at Granite.

It is averred that neither of the parents of said petitioner were notified of said charge against their son, and that he did not have the benefit of counsel; that the age of said petitioner at that time was 15 years, and that no hearing was had before the juvenile court of said Noble county before the information was filed in the district court; that said petitioner has been confined in the reformatory from the 8th day of May, 1926.

It is further averred that the imprisonment is therefore unlawful, in that the district court of Noble county had no jurisdiction at the time judgment was pronounced and said sentence imposed on the said minor, Martin Alton. The return in this case shows that no proceedings were had before the juvenile court of Noble county.

The testimony of the father and mother of said petitioner shows that his age at the time the judgment was pronounced was 15 years.

By numerous decisions of this court it is held that, under the provisions of the statute establishing juvenile courts and prescribing their jurisdiction and control of delinquent children (sections 8070 to 8089, C. S. 1921), a child under 16 years of age cannot be guilty of the commission of a crime, except in cases wherein it is shown and determined by the juvenile court of the county wherein the crime is alleged to have been committed that such child knew the wrongfulness of his acts at the time they were committed, and such a determination is a necessary prerequisite to the jurisdiction of the district court to try a child under the age of 16 years upon an information charging a felony. Ex parte Bonitz, 30 Okla. Cr. 45, 234 P. 780; Ex parte Humphries, 31 Okla. Cr. 172, 237 P. 624; Ex parte Pyzer, 29 Okla. Cr. 156, 232 P. 962; Ex parte Hightower, 13 Okla. Cr. 472, 165 P. 624.

It follows that, on the undisputed facts, the district court of Noble county was without jurisdiction to render the judgment and sentence under which petitioner is now held in custody, and that said minor, Martin Alton, is imprisoned without due process of law. He is therefore by the judgment of this court discharged therefrom.

EDWARDS and DAVENPORT, JJ., concur.