## G. S. COX v. STATE.

No. A-6947.  Opinion Filed Jan. 12, 1929.
(273 Pac. 375.)

L. Z. Lasley, Hadwiger & Hadwiger, and E. W. Snoddy, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was charged by information in the county court of Woods county of willfully, intentionally, and unlawfully having possession of certain spirituous and intoxicating liquor, to wit, beer, wine, and corn whisky, the same containing in excess of one-half of 1 per cent. alcohol measured by volume and capable of intoxicating a human being, and was sentenced to pay a fine of $100 and be imprisoned in the county jail for 30 days. Motion for new trial was filed, considered, and overruled, exceptions duly saved, and defendant has appealed to this court.

The verdict returned by the jury, omitting the caption, is as follows:

"We the jury, duly impaneled and sworn to try the issues in the above entitled cause, do upon our oaths, find the defendant guilty as charged and fix the penalty therefor at a fine of one hundred dollars."

The court received this verdict, and the defendant filed a motion to dismiss the case on the ground that said verdict did not comply with the statutes of the state of Oklahoma, in fixing the punishment, nor did said verdict comply with the instructions of the court.

The defendant also filed his motion for a new trial, in which he alleged that the court erred in receiving the incomplete, invalid, and void verdict; that the verdict was and is contrary to law. The defendant urges that the verdict returned by the jury was incomplete, invalid, and void, and that the court erred in receiving the same and ordering it filed, and that the verdict is contrary to law, and the instructions of the court.

The record discloses that in the seventh instruction the court instructed the jury as follows:

"If you shall find the defendant guilty beyond a reasonable doubt, it will be your duty to assess the punishment for the offense against the defendant, and the penalty will not be less than 30 days, nor more than 6 months' imprisonment in the county jail, and by a fine of not less than fifty dollars and not more than five hundred dollars.

"If you shall find the defendant guilty, and cannot agree upon the punishment, you will refer that matter to this court, who will then assess the punishment."

This instruction was correct as to the law, but the jury did not follow the instructions of the court. The defendant contends that the verdict in this case was not sufficient to sustain the sentence imposed by the court. It is necessary, then, to consider the form of the verdict returned in order to ascertain whether or not the verdict is in such form as would justify the court in imposing a jail sentence, and is it sufficient to support the judgment. The jury clearly showed by the form of the verdict it returned that it did not intend to impose a jail sentence upon the defendant, notwithstanding the court's instructions.

Section 2743, C. O. S. 1921, provides:

"If the jury render a verdict not in form, the court may, with proper instructions as to the law, direct them to reconsider it, and it cannot be recorded until it be rendered in some form from which it can be clearly understood what is the intent of the jury."

In Rea v. State, 6 Okla. Cr. 366, 118 P. 815, the jury returned the following verdict:

"We, the jury, drawn, impaneled, and sworn in the above-entitled cause, do upon our oaths find the defendant guilty as charged in the indictment herein and im-

pose a fine of fifty dollars, and recommend that the court suspend the jail sentence."

The court, in the opinion, says:

"The verdict in form returned is insufficient to support a judgment of conviction and sentence. Under the law, in a verdict of guilty, the jury may assess and declare the punishment, which must in cases of this kind be both fine and imprisonment, or if they fail to agree on the punishment, or do not assess the punishment, the court shall assess the punishment. Having returned an erroneous and informal verdict, it was the duty of the court to direct them to reconsider their verdict. * * * 'If the jury render a verdict not in form, the court may, with proper instructions as to the law, direct them to reconsider it, and it cannot be recorded until it be rendered in some form from which it can be clearly understood what is the intent of the jury'."

In this case the jury did not return a verdict in compliance with the instructions of the court. When the jury returned the verdict the court received the same without directing them to return to the jury room and prepare a proper form of verdict showing what the intent of the jury was. We hold that the jury did not intend to impose a jail sentence upon the defendant, and that the verdict returned by the jury is insufficient to warrant the court in imposing a jail sentence upon the defendant. It was clearly the duty of the court, when the verdict was returned in the form it was, to direct the jury to return to the jury room and prepare the proper form of verdict, showing clearly what the intent of the jury was. The verdict in this case is not sufficient to warrant the court in imposing a jail sentence, and the court should not have received the verdict and ordered the same recorded. The defendant in his motion to dismiss, and for a new trial, called the attention of the court to the form of verdict that had been returned. Both motions of the defendant were overruled by the court, and defendant duly excepted. The motion of the defendant for a new trial was well taken and

should have been sustained. Wingfield v. State, 38 Okla. Cr. 435, 263 P. 158.

There are many other errors assigned and argued, some of which have merit, but, the view we take of the record, as to the form of the verdict, we do not deem it necessary to consider them.

The case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.