## FRED. PHIPPS v. STATE.

No. A-8077.   Opinion Filed Aug. 28, 1931.
(2 Pac. [2d] 607.)

Darnell & La Rue, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Custer county of the crime of transportation of intoxicating liquor, and his punishment fixed by the court at a fine of $250 and imprisonment in the county jail for a period of 60 days.

Defendant contends, first, that the court erred in overruling his motion to dismiss the case, for the reason that he had not been brought to trial at the next term of court.

It appears from the record that the information was filed on the 27th day of February, 1929; that the case was set for trial on the 1st day of June, 1929, and continued upon motion of the defendant because his attorney, A. E. Darnell, was a member of the Legislature and in attendance at that time upon official business at the Capitol; that on the 6th day of December, 1930, defendant filed a motion to dismiss the case because he had not been brought to trial at the next term of court after the information was filed; that this motion was overruled and defendant put on trial December 8, 1930.   The case having been continued on June 1, 1929, at the request of the defendant, defendant having been previously enlarged upon bail, the presumption is that the further delay was with the consent of defendant, and the burden is upon him to show the contrary.   The motion to dismiss was properly overruled.

Defendant next contends that the court erred in pronouncing judgment upon the verdict of the jury.

It appears from the record that two verdicts were returned into court, one of which reads as follows:

"We, the jury, impaneled and sworn to try the is-

sues in the above entitled cause, do upon our oaths, find the defendant, Fred Phipps, guilty.

> "C. A. Hammons,
> "A. V. Bryant,
> "Lewis Potter,
> "Ike Hooper,
> "Dave Hughes,
> "Dave Hughes, Foreman.

"No. 1513 Cr.
"Returned into court and filed this 8 day of Dec. 1930.
"Lauriena King, Clerk District Court."

The other reads as follows:

"We, the jury, impaneled and sworn to try the issues in the above entitled cause, do upon our oaths, find the defendant, Fred Phipps, not guilty.

> "U. G. Armstrong.
> "Dave Hughes, Foreman."

Indorsements:
"No. 1513 Cr.
"Returned into court and filed this 8 day of Dec. 1930.
"Lauriena King, Clerk District Court.
"—————— Deputy."

Thereafter, and on the 8th day of December, 1930, the following proceedings were had:

"The defendant being present in court and by his attorneys, Darnell & LaRue, the defendant objects and excepts to the form of the verdicts and asks at this time that the jury be required to return to their jury room and return a proper verdict.

"Upon return of verdict jury was polled by the court and the names of the jurors whose names were signed to guilty verdict informed the court that such was their verdict, upon which the court ordered the verdicts filed.

"And the motion of the defendant was overruled to which defendant excepted and exceptions were allowed."

40

Defendant earnestly contends that it is impossible from these two verdicts to tell whether the legal number finding the defendant guilty concurred in the verdict.

Article 2, § 19, of the Constitution, provides:

"* * * In civil cases and in criminal cases less than felonies, three-fourths of the whole number of jurors concurring shall have power to render a verdict. In all other cases the entire number of jurors must concur to render a verdict. In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and signed by each juror concurring therein."

In the case at bar it was not necessary that the verdict should be unanimous. Five jurors could return a verdict by personally signing the same. Five jurors did sign the verdict finding defendant guilty, but one of the five joined with the other juror in signing the verdict finding the defendant not guilty. While the court polled the jury on the first verdict, he did not poll them on the second. We have no way of knowing from the record what the answer of the two jurors signing the second verdict would have been had they been polled.

Section 2743, C. O. S. 1921, provides:

"If the jury render a verdict not in form, the court may, with proper instructions as to the law, direct them to reconsider it, and it cannot be recorded until it be rendered in some form from which it can be clearly understood what is the intent of the jury."

When defendant made the timely objection to the receiving of these verdicts and requested the court to refuse to receive them and to send the jury out to further consider their verdict, it was the duty of the court under section 2743, supra, to sustain such motion. Rea. v. State, 6 Okla. Cr. 366, 118 Pac. 815.

Defendant complains of other errors, but, since they are not likely to occur in another trial of the case, they are not passed upon at this time.

For the error of the court in receiving the contradictory verdicts and overruling the motion of the defendant to send the jury out for further consideration of the case, the cause is reversed and remanded, with directions to proceed with the trial of the case in accordance with this opinion.

EDWARDS, J., concurs. DAVENPORT, P. J., absent, not participating.