## JIM LONG v. STATE.

No. A-8462.    Feb. 24, 1933.
(19 Pac. [2d] 620.)

Arnote & Arnote, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, P. J.    The plaintiff in error, hereinafter called defendant, was convicted in the district court of Pittsburg county of rape in the first degree and was sentenced to serve a term of 15 years in the state penitentiary.

The information charges that defendant by force committed an act of rape on one Susie Walters.    At the time alleged prosecutrix was in her 16th year.    Defendant was 18 years of age.    The act complained of occurred as the prosecutrix and defendant were returning home from a country dance.

Several assignments of error are argued, but it will be necessary to consider only one.    That is that the verdict is informal and the trial court erred in receiving it. Rape in the first degree is punishable by death as a maximum punishment and by confinement in the penitentiary

not less than 15 years as a minimum. Section 2519, Stat. 1931. The verdict returned by the jury in this case, omitting the formal parts, is:

"We, the jury, drawn, impaneled and sworn in the above entitled cause, do upon our oaths find the defendant Jim Long guilty of rape in the first degree as charged in the information and fix his punishment at imprisonment in the State Reform School for a period of 15 years."

When the verdict was presented and read and before the jury was discharged, defendant objected to the verdict and form thereof, but the court received it and discharged the jury. Defendant filed a motion in arrest of judgment, assigning, among other reasons, that the verdict was illegal in substance and form, which motion was overruled. This case was submitted to the jury about midafternoon; they held a night session, were brought into court about 11 a. m. the following day, and advised the court they stood 8 to 4; certain testimony was then read. They were brought into court again and informed the court they stood 11 to 1. The verdict was finally returned about 3:30 p. m. of that day. It is obvious it was difficult for the jury to arrive at a verdict carrying with it the penalty provided by law. The verdict above set out fixed a term not in the penitentiary but "in the State Reform School." The state does not maintain a "Reform School," although in the popular mind the institution of "State Training School" at Pauls Valley for the confinement of juvenile offenders under 16 years of age is sometimes referred to as a "Reform School." Article 11, chap. 26, Stat. 1931. The branch penitentiary at Granite, Okla., is designated as a "State Reformatory." Section 5307, Stat. 1931.

In Kennedy v. State, 25 Okla. Cr. 306, 220 Pac. 61, 63, this court considered a verdict very similar to that here. In sustaining the judgment the court said:

"The trial court instructed the jury that if the defendant was found guilty the jury should assess punishment 'at imprisonment in the state penitentiary for a term not exceeding five years.' The verdict was not void, as it clearly found the defendant 'guilty of grand larceny as charged in the information.' The defect of incorrectly naming the reformatory was waived by failure to object to the reception of the verdict, and further by failure to move in arrest of judgment. Had defendant objected to this apparent defect in the verdict at the time the same was returned, the verdict, no doubt, would have been reformed, but defendant will not be heard to raise a technical question of this kind for the first time on appeal. Having by his conduct in the trial court waived the defect as to the incorrect name of the place of imprisonment, the verdict was sufficient to authorize the court to pronounce judgment of conviction and to imprison defendant in the state reformatory at Granite, an institution provided for the incarceration of convicted felons."

See, also, Rea v. State, 6 Okla. Cr. 366, 118 Pac. 815; George v. State, 28 Okla. Cr. 388, 231 Pac. 318; Wingfield v. State, 38 Okla. Cr. 435, 263 Pac. 158; Cox v. State, 41 Okla. Cr. 365, 273 Pac. 375; Evans v. State, 35 Tex. Cr. R. 485, 34 S. W. 285.

We perceive that a miscarriage of justice might result if an informal verdict as the one here is permitted to stand. If the jury have a doubt of the guilt of defendant of rape in the first degree and be unwilling to agree to a verdict of guilty that would carry with it a minimum punishment of 15 years in the penitentiary, they might still be willing to assess a punishment in some reform school. The only way defendant could challenge the verdict was by objecting to the sufficiency and form thereof before the jury was discharged and by following this up with a motion in arrest of judgment. We do not understand why the trial court in the face of such objection did

not require the jury to further consider its verdict. Section 3100, Stat. 1931. This court in the Kennedy Case, supra, laid down the extreme rule under which it will uphold an informal verdict. In that case the defendant did not object to the reception of the verdict and did not move in arrest of judgment. In substance the court held he waived the defect and virtually consented that the verdict be received. The opinion in that case was not meant to be and is not a license to trial judges to receive over the objection of a defendant such informal verdicts.

We are not unmindful of the rule announced in numerous decisions of this court, that an informal verdict, if free from ambiguity and which conveys beyond a reasonable doubt the meaning and intentions of the jury, is sufficient and all fair intendments will be indulged to sustain it. This verdict cannot be upheld under this salutary rule. There is ambiguity and doubt as to what punishment the jury intended to assess.

The case is reversed and remanded.

DAVENPORT and CHAPPELL, JJ., concur.