## GEORGE SMITH v. STATE.

No. A-10497.    Feb. 19, 1947.
(177 P. 2d 523.)

For former opinions, see 81 Okla. Cr. 412, 165 P. 2d 381, 167 P. 2d 83.

Amos T. Hall, of Tulsa, and James K. Eaton, of Pitcher, for plaintiff in error.

Randall S. Cobb, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and L. A. Wallace, Co. Atty., of Okmulgee, for defendant in error.

BRETT, J.  The record in this case discloses, beyond doubt, that the defendant, George Smith, a negro, made an unprovoked attack on H. O. Crane, a white man, with premeditated design to injure Crane. The facts, however, are not involved in the appeal. For those who may be interested in the facts, see Smith v. State, 81 Okla. Cr. 412, 165 P. 2d 381, wherein Judge Barefoot gives a full and complete statement of the facts.

The only question herein involved is one of law, as set forth in assignment of error No. 2, "that the verdict of the jury is contrary to law." This error was based upon the verdict which reads as follows:

We the jury, drawn, impaneled and sworn in the above entitled cause, do upon our oaths, find the defendant George Smith guilty of maiming * * * as charged in the Information herein, and assess his punishment at imprisonment in the State penitentiary for Seven (7) * * * John T. Cole, Foreman."

This verdict was returned in open court and was read. We are mindful that the defendant and his counsel had the right to examine it and to raise any objection to the verdict that they might desire to lodge against it. We are also aware of the fact that no objection was raised to the verdict in the motion for new trial and that no motion in the arrest of judgment was filed. We also realize that by this course of conduct, the defendant and his counsel could have been said to have waived the right to object at the trial and, being raised for the first time on appeal, that

the objection would be too late. Notwithstanding all of this, the conduct on the part of the defendant's counsel can readily be understood, when reference is had to the usual and accepted trial procedure, and as the matter is presented herein. The jury herein returned their verdict to the trial judge and the judge read it to himself and handed it to the clerk to read in open court. The court clerk, in reading the verdict, added the words "years" to it. Under these circumstances, it is easy to perceive how the defendant's attorney was completely disarmed and misled. It would be a harsh rule that would hold that under such circumstances this error was waived by failure to object. It would be particularly harsh where the error complained of is fundamental and one of substance and not just a matter of form. The verdict in this instance is the very essence of the conclusion of the trial, so far as this defendant was concerned. He was entitled to know when found guilty what penalty the jury imposed. Upon being found guilty, and the jury fixing the punishment by confinement in the penitentiary, the defendant was certainly entitled to know the length of time he would be required to serve. Verdicts should not be returned in such form as to be left dangling in the realm of speculation. The verdict should be in such form that the judgment and sentence, in a criminal case, should never become a matter of guesswork on the part of the court. Courts dealing with life and liberty have no right to dispense what might be termed speculative, or "bucket shop justice".

The fact is, that, whatever the jury had in their minds in this case, they did not express it with that degree of certainty required in so serious a matter as a verdict fixing punishment. Who are we to invade the unfathomed recesses of mental process and say the jury intended to inflict the maximum penalty of seven years? If their intention

had been clearly expressed, it might just as easily have been for a shorter period of time. As one member of this court so aptly put it in the dissenting opinion filed on January 16, 1946, Smith v. State, 81 Okla. Cr. 412, 165 P. 2d 381, 386, "as the verdict is written, it could have meant 7 months, 7 weeks, 7 days, or even 7 hours, and still have been within the limitations of the statute fixing the punishment for this offense." Suppose the jury had intended to fix the punishment at seven months. Would the court have been justified in fixing the judgment and sentence at seven years? Obviously not. Suppose the jury had fixed the time at ten. Would the court say that the jury intended the punishment to be confinement in the penitentiary for ten years, or ten days, or ten months? If the verdict is to stand in this case, it is clear that we must enter the realm of speculation to sustain it. Even a casual examination of the verdict nowhere discloses by any indication that the jury intended to fix the punishment at seven years, seven months, seven weeks, or seven days. It is no more the right of this court than it was the right of the trial court to interpret what we think the jury had in their minds. Particularly is this true, where a conclusion cannot be reached with a fair degree of certainty, but must be resolved by speculative practice. It is still inescapable that whatever the jury had in their minds was not expressed, with that degree of certainty to which the defendant was entitled under the law.

In following the foregoing process of reasoning, we are not unmindful that this court has held that verdicts are to be liberally construed, and where irregular as to form and not objected to at the time the verdict is returned and the court given an opportunity to have the jury correct it, that every intendment and effort will be indulged to uphold it, and where from an examination of the ver-

dict and the entire record the intention and purpose of the jury, as expressed in the verdict, might be clearly ascertained, the verdict will be upheld. Dunbar v. State, 75 Okla. Cr. 275, 131 P. 2d 116. Nor are we unmindful that this court has repeatedly held that a verdict will not be void if its meaning can be determined by reference to the record proper. Bowlegs v. State, 9 Okla. Cr. 69, 130 P. 824; Walker v. State, 11 Okla. Cr. 339, 127 P. 895; Simmons v. State, 15 Okla. Cr. 442, 177 P. 626; Coleman v. State, 16 Okla. Cr. 579, 194 P. 282; Gidens v. State, 31 Okla Cr. 137, 236 P. 912; Nelson v. State, 34 Okla. Cr. 187, 245 P. 1009; Horton v. State, 44 Okla. Cr. 318, 280 P. 857; Bayne v. State, 72 Okla. Cr. 52, 112 P. 2d 1113. Here, we have indulged every intendment and inference, have examined the pleadings, the evidence, and the instructions and still, though we may believe we know what the jury had in mind, we are at a loss to say with certainty what the jury actually had in their minds because they did not say it, whatever it was. It is apparent that because of the patent uncertainty of the verdict, it was insufficient upon which the court could base its judgment and sentence.

This court has repeatedly held that the question of the lower courts' lack of jurisdiction to render a particular judgment and sentence, by which a person is imprisoned, may be raised at any time, even by habeas corpus. Ex parte Alton, 38 Okla. Cr. 383, 262 P. 215; Ex parte Hightower, 13 Okla. Cr. 472, 165 P. 624; Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139. In a habeas corpus proceeding, this court has held it would examine the record to see whether the judgment and sentence was in conformity with the verdict. Ex parte Shockley, 75 Okla. Cr. 263, 130 P. 2d 331; Ex parte Harris, 8 Okla. Cr. 397, 128 P. 156. In our view, the verdict was too indefinite to support a judgment and

sentence, and being so, the court was without jurisdiction to predicate upon it the punishment pronounced.

In the case of Wingfield v. State, 38 Okla. Cr. 435, 263 P. 158, it was held:

"A verdict finding the defendant guilty as charged in the information, and fixing his punishment 'at ———— or by the court,' is insufficient as to form, and is too vague and uncertain to support a judgment and sentence."

See, also, Rea v. State, 6 Okla. Cr. 366, 118 P. 815; Campbell v. State, 14 Okla. Cr. 319, 170 P. 915; George et al. v. State, 28 Okla. Cr. 388, 231 P. 318.

In Rea v. State, supra, this court stated:

"If the jury render a verdict not in form, the court may, with proper instructions as to the law, direct them to reconsider it, and it cannot be recorded until it be rendered in some form from which it can be clearly understood what is the intent of the jury."

We have searched diligently for a case where the facts are parallel to the situation herein involved. So far as we have been able to ascertain, only one, Cooper v. State, 136 Tex. Cr. R. 498, 126 S. W. 2d 974, 975, from the Court of Criminal Appeals of the State of Texas, wherein the jury returned a verdict in form as follows, to wit:

"We, the jury, find defendant guilty as charged and assess the *punished* at 7 — Seven confinement in the State *peneterry*. Forman, J. D. Davis." (Spelling not ours.)

The court held the facts in that case to be sufficient to warrant a conviction, but held the verdict insufficient upon which to predicate judgment and sentence and in so holding, said:

"While familiar with the doctrine of 'That is certain which can be made certain,' we confess we are at a loss to

know just what punishment this jury actually gave the appellant. They might have intended to give him 77 days, weeks, months or years, or 7 days, weeks, months or years. Probably they intended the punishment to have been 7 years, and thus the court interpreted their verdict, but such verdict does not say 7 years, or any term of years.

"Verdicts of juries should receive a liberal rather than a strict construction, and if the finding of the jury can be reasonably ascertained, the verdict should be held to be good as to form, and bad spelling or bad grammar should not of necessity vitiate such verdicts, see Branch's Penal Code, p. 331, but we must confess that this verdict is so unintelligible that we have to indulge in various presumptions in order to ascertain what punishment is to be meted out to appellant. This verdict should not have been received by the trial court, but should have been corrected in the presence of the jury relative to the punishment assessed therein."

This case clearly supports our conclusion that the verdict in the case at bar was insufficient upon which to base judgment and sentence. This being true, the court was without power in this case to fix the penalty. Only where the jury finds the defendant guilty, and fail to agree on the punishment to be inflicted or do not declare the punishment by their verdict, the court shall assess and declare the punishment and render judgment accordingly. 22 O. S. 1941 § 927. The jury herein attempted, most inartfully, to fix the penalty. The court should have observed the error and caused the same to be corrected. It had no right to pronounce judgment and sentence on this insufficient and uncertain verdict.

The judgment is accordingly reversed and the cause remanded for a new trial.

JONES, J., concurs. BAREFOOT, P. J., dissents.

400

BAREFOOT, P. J. (dissenting). A petition for rehearing was filed in this case and granted, and the same was pending when there was a change in the membership of the court.

The original opinion herein was rendered on January 16, 1946, Smith v. State, 81 Okla. Cr. 412, 165 P. 2d 381, and a dissenting opinion on the same date. A concurring opinion was rendered on March 11, 1946, reported in 81 Okla. Cr. 412, 167 P. 2d 83.

On the hearing of the motion for rehearing, the majority of the court as it is now constituted, ordered the former opinions withdrawn and have filed the above opinion. I am unable to agree with the conclusion reached in the opinion this day filed. Instead of writing a dissenting opinion, I am referring to the original opinion prepared by myself in this case, 81 Okla. Cr. 412, 165 P. 2d 381, and the concurring opinion of Judge Thomas H. Doyle, 81 Okla. Cr. 412, 167 P. 2d 83, above mentioned, and asking that they be referred to in the 81 Okla. Cr. 412, as my dissenting opinion in this case.