## TOMA v. STATE.

No. A-11425.   Dec. 12, 1951.

(239 P. 2d 431.)

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. This is an appeal from a judgment and sentence rendered in the county court of Canadian county wherein the defendant, Thomas Jefferson Toma, was sentenced to serve thirty days in the county jail and pay a fine of $100 and costs for the alleged offense of reckless driving.

This case will have to be reversed because of the ambiguous verdict which was returned by the jury, to which verdict the defendant excepted at the time it was received.

The verdict reads as follows:

"We, the Jury empanelled and sworn to try the issues in the above entitled cause, do, upon our oaths, find the defendant, Thomas Jefferson Toma, guilty of the crime charged in the information herein and fix his punishment at a fine of $100. and/or by imprisonment in the County Jail for a term of 30 days."

In Coe v. State, 86 Okla. Cr. 297, 192 P. 2d 291, this court held:

"Verdict of jury must be certain and free from ambiguity. It must convey on its face a definite and precise meaning and should show just what the jury intended. An obscurity which renders it at all doubtful will be fatal to it.

"If the jury render a verdict not in form, the court may,- with proper instructions as to the law, direct them to reconsider it, and it cannot be recorded until it be rendered in some form from which it can be clearly understood what is the intent of the jury. Tit. 22, § 919, O. S. 1941."

In Williams v. State, 92 Okla. Cr. 70, 220 P. 2d 836, this court stated:

"The verdict of the jury must be certain, positive, and free from all ambiguity; it must convey on its face a definite and precise meaning, and should show just what the jury intended, and an obscurity which renders it at all doubtful will be fatal to it."

In Smith v. State, 83 Okla. Cr. 392, 177 P. 2d 523, 524, this court said in the body of the opinion:

"The verdict in this instance is the very essence of the conclusion of the trial, so far as this defendant was concerned. He was entitled to know when found guilty, what penalty the jury imposed. Upon being found guilty, and the jury fixing the punishment by confinement in the penitentiary, the defendant was certainly entitled to know the length of time he would be required to serve. Verdicts should not be returned in such form as to be left dangling in the realm of speculation. The verdict should be in such form that the judgment and sentence, in a criminal case, should never become a matter of guesswork on the part of the court. Courts dealing with life and liberty have no right to dispense what might be termed speculative, or 'bucket shop justice'."

· The defendant was charged with a violation of Tit. 47, O. S. 1941, § 92, which provides a punishment which may be a fine of not less than ten dollars nor more than one hundred dollars, or imprisonment in the county jail for not less than ten days nor more than thirty days, or by both such fine and imprisonment.

The jury under this verdict might have intended for the court to either sentence the defendant to serve thirty days in the jail, or to pay a fine of one hundred dollars, or they might have intended, as the court concluded, to assess the maximum penalty of thirty days in the county jail and one hundred dollars fine. The use of the words "and/or" in the verdict made it ambiguous and indefinite and impossible for the court to conclude with certainty just what the jury intended to fix as the punishment. At the time the verdict was rendered the court should have refused to have received it and instructed the jury to have retired for further deliberation until they had reached a verdict which would have been understandable to the court.

The judgment and ·sentence of the county court of Canadian county is reversed and remanded for a new trial. ·

BRETT, P. J., and POWELL, J., concur.