Dennis Gene ENGLAND, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15574.

Court of Criminal Appeals of Oklahoma.

Sept. 15, 1971.

Joseph LaPan, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Larry French, Asst. Atty. Gen., for defendant in error.

## OPINION

NIX, Judge.

The plaintiff in error, hereinafter referred to as defendant, was convicted by the District Court of Tulsa County with the crime of Possession of Marijuana, and appeals. The record reflects that defendant appeared at a preliminary hearing and the testimony adduced at that hearing was in substance as follows: That on October 17, 1968, six police officers of the City of Tulsa, under the auspices of a warrant issued by the United States Marine Corps for the apprehension of a person "AWOL", proceeded to an address at 1617 So. Cincinnati in Tulsa. The officers did not have the warrant in their possession, but had been to the address a week before. Two officers proceeded to the back door of the dwelling while others went to the front door. In proceeding to the back, they smelled the odor of marijuana coming from a window, they then looked into a bathroom window and observed defendant and others smoking a rolled cigarette, and as a result thereof, entered, and arrested defendant and others. During the preliminary hearing, defendant filed a motion to suppress and a motion to quash the evidence because officers were trespassing on the premises without authority. The motions were overruled and defendant bound over to stand trial in District Court. The District Court on January 30, 1969, overruled a motion to suppress and proceeded to trial upon a stipulation of the facts and waiver of a jury. The judge found defendant guilty and sentenced him to eighteen months in the penitentiary.

The case stands or falls upon the validity of method by which the evidence was obtained.

Were the officers trespassers ab initio or were they rightfully on the premises where the evidence was discovered?

The officers were at this particular residence under the guise of hunting for a person, who, according to notification on file at the police station, was "AWOL" from the armed forces. They had been there the week before without success.

In speaking for the Court, your writer is of the opinion that the officers should have armed themselves with a warrant if they were going to a residence to search for the suspect. The record is silent as to whether or not they found any trace of the person who was suspected of being "AWOL". No doubt, if they had seen that person on the street, or on the porch of a residence, they would have had a right to make the arrest upon the information they had, but to go to a private residence and search for an accused without a search warrant is not authorized by law. Whether it was the residence of the accused or

someone else, we cannot ascertain from the record, but assuming it was the residence of some other person the most the officers could have done without a warrant was to inquire of the person answering the door if the suspect was there. If the answer had been "no", that would have ended the officers' search.

Therefore, it appears that when the officers were proceeding to the back of the residence, the search had already begun and without a warrant, the officers were trespassers ab initio and what was brought to light by their being on the premises where they were without legal justification. See, Story v. State, Okl.Cr., 452 P.2d 822. To grant officers the right to search a private residence without a warrant under the guise of searching for one "AWOL" from the armed forces would open the avenue to subterfuge, deception, and artifice.

It further appears that the only law violation seen by the officers through the window was the "use of marijuana" as set forth in 63 O.S.A., § 469, chapter 10, which constitutes a misdemeanor and providing penal confinement in county jail for not more than six months. The record before us only reveals that the defendant, along with others, was seen through the bathroom window rolling cigarettes, and the smoke coming out around the window sills smelled like marijuana. There is no evidence as to how much marijuana was recovered, if any.

Therefore, it appears the only crime the defendant was engaged in at the time was use of marijuana, which is defined as a misdemeanor. This, however, is inconsequential, as the search was illegal in its inception.

Therefore, the case is remanded with instructions to dismiss for the reason that said motion to suppress should have been sustained. It is so ordered.

Reversed and remanded with instructions to dismiss.

BRETT, J., concurs.

BUSSEY, P. J., concurs in result.