James Patrick **EDWARDS**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–15562.

Court of Criminal Appeals of Oklahoma.
Oct. 13, 1971.

Thomas G. Hanlon, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

The judgment and sentence in this case is affirmed, and the State's Motion to Dismiss this appeal is denied.

The plaintiff in error herein, James Patrick Edwards, hereafter called defendant, was charged in the District Court of Tulsa County, case no. 23,668, with the offense of Possession of Marijuana. Defendant was initially charged with two other defendants, Dennis Gene England and Richard Lee Bullington.

After receiving a preliminary examination before the Honorable William W. Means, District Judge, acting as examining magistrate, defendant presented a motion to suppress the evidence, which motion was overruled and defendant was ordered held for trial in District Court. Defendant's Motion to Suppress was again presented to the Honorable Robert D. Simms preceding his trial. This motion was presented by stipulation of the parties that the evidence on the motion heard at the preliminary examination could be considered by the trial Judge as the evidence to support defendant's motion; and that it would also serve as the substantive evidence upon which the State's case against the defendant was based.

The trial Judge considered the transcript of the preliminary examination and on 29th day of August, 1969, found defendant guilty and assessed his punishment at eighteen (18) months imprisonment. From the judgment and sentence defendant has perfected his appeal to this Court.

In his Petition in Error and in his Amended Petition in Error in this Court, defendant sets forth the following as errors to justify relief in this case:

1. That the trial court erred in overruling Plaintiff in Error's Motion to quash the information and suppress evidence.

2. That the District Court did not have jurisdiction in that the competent evidence introduced at the preliminary hearing failed to show probable cause to believe that defendant committed said crime.

3. That the trial court erred in overruling the motion to suppress the evidence in chief in the trial of this case.

4. Error of law occurring during the trial and excepted to by defendant.

The record of preliminary examination reveals that Tulsa Police Officer Johnson, while acting under authority of Department of Defense Form 553 for apprehension of a person AWOL from the Marine Corps, was in the rear of a duplex at 1615–1617 South Cincinnati in Tulsa, Oklahoma, October 17, 1968, when he heard loud talk coming from the open bathroom window to the duplex apartment at 1617

South Cincinnati. He testified that the talk concerned the quality and quantity of "pot" and that a large amount of smoke came through the window, which he identified as marijuana smoke; and when the knock at the door was heard, the parties started moving toward the stool and he saw them throwing lighted cigarettes into the toilet stool. Officer Johnson went to the front of the house, entered, went into the bathroom and confiscated material he identified as marijuana.

The facts of this case are essentially the same as those found in England v. State of Oklahoma, Okl.Cr., 488 P.2d 1347 (1971), in which this Court found the search and seizure to be improper and ordered the conviction reversed and remanded with instructions to dismiss. See also: Story v. State, Okl.Cr., 452 P.2d 822 (1969).

Therefore, for the same reasons stated in England v. State, supra, this conviction is reversed and remanded with instructions to dismiss. It is so ordered.

NIX, J., concurs.

BUSSEY, P. J., concurs in results.