**1288**

**Frankie Junior TURNER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. A–17462.**

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1973.

Rehearing Denied April 6, 1973.

Robert A. Jackson, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Mike Jackson, Asst. Atty. Gen., for appellee.

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17349.**

Court of Criminal Appeals of Oklahoma.

Feb. 6, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Mike Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Frankie Junior Turner, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRM–71–362, for the offense of Possession of Amphetamine. His punishment was fixed by the jury at "12 months imprisonment in the County Jail and/or $500.00 amount of fine." The court thereupon imposed punishment of one (1) year imprisonment in the County Jail and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Neal testified that at approximately 10:30 p. m. on April 7, 1971, he, accompanied by Officers Lovett, Burns and Scott went to room 124 at the Congress Inn Motel in Oklahoma City. He testified that they had reason to believe that one Carol Hedricks, who was wanted on a felony warrant for violation of probation, was in the room. They knocked on the door and Leon Pannell opened the door and admitted them in. In the room were defendant, Sherrie Webb and Joe Wayne Lamb. As he entered the room he observed an injection type bottle containing a clear residue substance which was labeled Amosol Amphetamine Sulfate lying on a nightstand by the bed. Two plastic syringes were lying beside the bottle. The officers placed all of the occupants of the room under arrest and conducted "another search" of the room. (Tr. 23) Officer Lovett found three full bottles and three empty bottles labeled Amphetamine Sulfate in a foot locker. The room was registered to the defendant.

On cross-examination, he testified that as they drove into the motel driveway they saw a girl who "possibly" was Carol Hedricks.

The testimony of Officer Lovett did not differ substantially from that of Officer Neal.

John McAuliff, chemist for the Oklahoma State Bureau of Investigation, testified that he analyzed the contents of two of the bottles and in his opinion they contained amphetamine.

The defendant did not testify nor was any evidence offered in his behalf.

The first proposition asserts that the motion to suppress should have been sustained. This proposition is well taken.

Officer Neal testified that the only reason in visiting the motel was to ascertain if one Carol Hedricks, who was wanted on a warrant for revocation of suspended sentence, was there. As the officers arrived, they saw some girl entering who "possibly" was Carol Hedricks. At the motion to suppress hearing, Officer Neal testified that after Pannell opened the door "we asked the girl what her name was and she identified herself to us and upon entering the room we observed * * *." (Tr. 6) We are of the opinion that when the officers ascertained that Carol Hedricks was not present in the room this should have ended their right to search. See England v. State, Okl.Cr., 488 P.2d 1347.

 The final proposition contends that the verdict was insufficient to support the conviction. This proposition is likewise well taken. The jury verdict read:

"We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find the Defendant guilty, as charged, and fix his punishment at 12 months imprisonment in the County Jail and/or $500.00 amount of fine."

In dealing with a similar proposition in Toma v. State, 95 Okl.Cr. 40, 239 P.2d 431, we stated:

"The jury under this verdict might have intended for the court to either sentence the defendant to serve thirty days in the jail, or to pay a fine of one hundred dollars, or they might have intended, as the court concluded, to assess the maximum penalty of thirty days in the county jail and one hundred dollars fine. The use of the words "and/or" in the verdict made it ambiguous and indefinite and impossible for the court to conclude with certainty just what the jury intended to fix as the punishment. At the time the verdict was rendered the court should have refused to have received it and instructed the jury to have retired for further deliberation until they had reached a verdict which would have been understandable to the court."

The judgment and sentence is, accordingly, reversed and remanded with instructions to dismiss. Reversed and remanded.

BRETT, J., concurs.

BLISS, P. J., concurs in part and dissents in part.

BLISS, Presiding Judge (concurring in part and dissenting in part):

I concur in the reversal because of insufficient verdict, but I dissent as to suppression of evidence.