Quinton B. DeVAUGHAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–80–514.

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1981.

Virgil L. Upchurch, Buzbee & Upchurch, Anadarko, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

### OPINION

CORNISH, Judge:

Quinton B. DeVaughan was tried and convicted in the District Court of Caddo County, Oklahoma for the offense of Assault and Battery.

The form of the verdict in this case necessitates reversal. The verdict submitted to the trial court by the jury foreman stated:

"We, the jury, empaneled and sworn to try the issues in the above entitled cause do, upon our oaths, find the defendant Quinton B. DeVaughan GUILTY and assess his punishment at 5 days in the county jail *and/or* a fine of $100.00." (Emphasis added.)

The verdict was read in open court by the clerk as: ". . . 5 days in the county jail *and* a fine of $100.00" (emphasis added).

The discrepancy between what the verdict actually stated and the way it was read aloud was not discovered until sometime after the jury was dismissed. The trial court ruled that appellant's failure to object precluded a new trial. We hold that the irregular and ambiguous form of the jury verdict was fundamental error.

We have held in previous decisions that the use of the words "and/or" in a verdict render it so ambiguous and indefinite that it is impossible for the trial court to conclude with certainty exactly what the jury intended to set as punishment. *Turner v. State*, 507 P.2d 1288 (Okl.Cr.1973); *Toma v. State*, 95 Okl.Cr. 40, 239 P.2d 431 (1951). Both cases held that the ambiguous verdicts would not support the judgment and sentences, thereby requiring reversal.

The jury in the present case could have intended to assess a penalty of five (5) days in jail, or a one hundred dollar ($100.00) fine, or as the trial court determined, both.

If error of this nature is discovered before the jury is dismissed, it may be cured by returning the jury for further deliberation. *See Toma, supra*; 22 O.S.1971, § 919. If it is not revealed until after the jury is discharged, the only cure is a new trial. Modification or affirmance of the sentence by the Court of Criminal Appeals would be as speculative and invalid as the sentence itself.

The judgment and sentence is therefore REVERSED AND REMANDED for a new trial.

BRETT, P. J., and BUSSEY, J., concur.